In the Matter of Robert C. LEVINSON.

No. 879S234.

Supreme Court of Indiana.

Feb. 11, 1983.

No appearance entered for respondent.

Thomas J. Opsut, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This proceeding is before the Court on a five count amended verified complaint filed by the Disciplinary Commission of this Court under the authority of Admission and Discipline Rule 23, Section 12. Following a hearing and recommendation by the Hearing Officer, this Court, on May 12, 1982, suspended the Respondent from the practice of law pending the final determination in this cause. A final hearing has been conducted and the appointed Hearing Offi-

the existence of an employer-employee rela-     tionship." *Id.* at 711–712.

cer has tendered his findings of fact and conclusions of law. Although being notified, the Respondent did not appear at the final hearing and has not petitioned for review of the Hearing Officer's findings. The Disciplinary Commission also has not petitioned for review.

There being no challenge to such report, this Court now adopts and accepts as its own the Hearing Officer's findings of fact and conclusions of law. Accordingly, this Court now generally finds that the Respondent is an attorney at law previously admitted to the Bar of the State of Indiana on May 20, 1970.

Under Count I of the amended complaint, the Respondent was charged with engaging in illegal conduct involving moral turpitude and conduct that adversely reflects on his fitness to practice law, in violation of Disciplinary Rules 1–102(A)(3) and (6) of the *Code of Professional Responsibility.*

Adopting the Hearing Officer's findings of fact, this Court now finds that on March 9, 14 and 15, 1977, the Respondent was observed by members of the Carmel, Indiana, Police Department standing at a window in his residence, nude, masturbating and waving to attract attention. Thereafter, the Respondent pleaded guilty to three counts of public indecency by reason of these acts.

This Court has held that moral turpitude, as it applies in disciplinary proceedings, involves an act of baseness or vileness of principle, words, or actions, or an action of depravity in the private or social duties which a person owes to society in general. *In re Gorman,* (1978) 269 Ind. 236, 379 N.E.2d 970; *Baker et al. v. Miller,* (1956) 236 Ind. 20, 138 N.E.2d 145. The misconduct in the present case is of such nature as to establish the requisite baseness or depravity of social duty to constitute an act of moral turpitude. Accordingly, this Court now further finds that the Respondent violated the *Code of Professional Responsibility* as charged under Count I of the amended complaint.

Under Count II, the Respondent is charged with neglecting legal matters en-

trusted to him, failing to carry out his contract of employment, and engaging in conduct prejudicial to the administration of justice adversely reflecting on his fitness to practice law, in violation, respectively, of Disciplinary Rules 6–101(A)(3), 7–101(A)(2) and 1–102(A)(5) and (6).

This Court now finds that the Respondent was employed to file bankruptcy for a client. Although being paid in full, no action was taken for four months. During this period of time, this client was unable to contact the Respondent and the client's wages were subject to an order of garnishment. When the Respondent did file the petition for bankruptcy, he neglected to file for a stay of the garnishment as previously agreed. Consequently, these wages were still subject to garnishment pending the belated filing of the request for a stay. The Respondent, however, did reimburse his client for the amount of wages garnished after the filing of the bankruptcy petition. Thereafter, the Respondent failed to appear at the first scheduled hearing on the petition; he did appear at the rescheduled hearing where the report was approved. The Respondent failed to appear at a third hearing and the Court went forward in his absence and discharged the client's debts.

In view of the above noted findings, this Court now further finds that the Respondent violated the *Code of Professional Responsibility* as charged under Count II of the amended complaint.

Count III of the amended complaint charges additional violations of the Disciplinary Rules set forth under Count II and charges further that the Respondent prejudiced his client during the course of the professional relationship, in violation of Disciplinary Rule 7–101(A)(3) of the *Code of Professional Responsibility.*

This Court now finds that the Respondent accepted employment to defend a party in a suit to collect on a note and agreed to file a counterclaim for fraud. Respondent failed to enter his appearance and file the counterclaim. A default judgment was taken against this party and the Respon-

dent was not successful in setting aside this default. Respondent attempted to file a claim predicated on fraud for his client, but was informed that it was improperly filed. The Court allowed the Respondent ten days to voluntarily dismiss this claim; there being no action taken by the Respondent, the claim was involuntarily dismissed with prejudice.

Having considered the above noted findings of fact under Count III, this Court now further finds that the Respondent engaged in professional misconduct as set forth under this charge in the amended complaint filed in this cause.

Count IV of the amended complaint charges the Respondent with additional violations of the Disciplinary Rules set forth under Count II, and further charges the Respondent with engaging in conduct involving dishonesty and misrepresentation in violation of Disciplinary Rule 1–102(A)(4) of the *Code of Professional Responsibility.*

This Court now finds that Respondent was retained to seek an increase in child support for a client; the Respondent was paid a retainer fee of one hundred dollars. Thereafter, Respondent informed his client that a hearing was set in this matter and, on the alleged date of such hearing, that such hearing was reset due to a notice problem. In fact, Respondent never had filed a petition for an increase in child support. After numerous calls by the client and after a grievance was filed, Respondent returned the retainer.

In view of the above findings, this Court now further finds that the Respondent engaged in professional misconduct as charged under Count IV of the amended complaint.

Under the fifth and final Count of the amended complaint, the Respondent is charged with failing to withdraw from multiple employment when his independent professional judgment was likely to be adversely affected, neglecting a legal matter entrusted to him, damaging the interests of his client, engaging in conduct involving misrepresentation, and engaging in conduct prejudicial to the administration of justice which adversely reflects on his fitness to practice law, such conduct being violative of Disciplinary Rules 5–105(B), 6–101(A)(3), 7–101(A)(3), and 1–102(A)(4), (5) and (6).

This Court now finds that the Respondent was employed to represent a husband and wife in an agreed dissolution. The wife became dissatisfied with the agreement and employed separate counsel. Respondent continued in his representation of the husband. On the day before the scheduled final hearing, Respondent informed counsel for wife of a conflict. Wife's counsel indicated that he would oppose a continuance in that the matter had previously been delayed on several occasions. Respondent filed a motion for continuance on the morning of the hearing and instructed his client not to appear. The motion for continuance was denied and the hearing transpired without either the Respondent or his client being present. Thereafter, the Respondent's client was unable to get the final decree set aside.

By reason of the above noted findings this Court now further finds that the Respondent engaged in professional misconduct as charged in the amended complaint.

Having found misconduct, it now becomes the duty of this Court to impose an appropriate sanction. Obviously, the misconduct present in this pending cause is extremely grave. Respondent's course of conduct is not that of a rational, educated person. We cannot, from an examination of the proceedings, determine what is the root of the problem, but the effect of the problem is apparent. The Respondent has engaged in conduct involving moral turpitude and practiced his profession in a manner harmful to the clients he is obligated to serve. This Court must protect the public from professional conduct of this nature.

In light of the above considerations, it is accordingly ordered that, by reason of the misconduct found under this cause, the Respondent be and he hereby is disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the Respondent.