In the Matter of Brian W. SMITH.

No. 28S00–8806–DI–532.

Supreme Court of Indiana.

Oct. 2, 1991.

Laurie Baiden Bumb, Evansville, for respondent.

David F. Hughes, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

DISCIPLINARY ACTION

PER CURIAM.

The Respondent, Brian Smith, has been charged in a complaint for disciplinary action with two counts, committing an illegal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in violation of Rule 8.4(b) and failing to act with reasonable diligence and promptness, in violation of Rule 1.3 of the *Rules of Professional Conduct for Attorneys at Law.* The hearing officer appointed pursuant to Admission and Discipline Rule 23 has heard the case and has tendered his findings of fact and conclusions of law finding misconduct under the second count but finding for the Respondent under the first count. The Disciplinary Commission has petitioned for review challenging the findings and conclusion as to Count I.

This review is a *de novo* examination of all matters presented. It includes a review not only of the hearing officer's report but also of the entire record; the hearing officer's findings receive emphasis due to the unique opportunity for direct observation of witnesses, but this Court makes the ultimate determination as to misconduct. *In re Gemmer* (1991), Ind., 566 N.E.2d 528.

The charges involve the Respondent's representation of Paul E. Orman in several legal matters. Under the first count, we find that in October of 1986, Orman retained the Respondent to represent him in a Social Security disability claim. Orman prevailed and recovered benefits of approximately $14,930. The Social Security Administration authorized payment of $1,497 as attorney fees to be paid

out of the benefits, but on June 4, 1987, before the fee was forwarded to the Respondent, Orman paid to the Respondent $1,497 as attorney's fee for such representation. On July 13, 1987, the Social Security Administration advised Orman that its check for $1,497 was sent to the Respondent.

Prior to and during this same period of time the Respondent represented Orman in several other matters. A civil proceeding for quiet title and action for fraud against William Haseman was handled on a contingency fee basis. However, the Respondent represented Orman in other matters for which he was not compensated. These included some minor matters on which Orman consulted and discussed with the Respondent from 1982 to 1987, pursuing a professional license complaint against William Haseman before the Indiana Board of Realtors on behalf of Orman, and representing Orman in a claim for Black Lung benefits. The Respondent also pursued a claim for Social Security benefits on behalf of Orman's minor daughter, but he waived any attorney fee for this matter.

Although there was conflicting testimony on the issue, the hearing officer concluded that Orman and the Respondent had an agreement for the Respondent to retain the $1,497 already paid to him by Orman as compensation for matters not part of the Social Security claim.

The Commission challenges this conclusion contending that there was no such agreement, and the Respondent received a fee greater than the maximum fee approved by the Social Security Administration in violation of 42 U.S.C. 406(a). Although this is a *de novo* examination, the hearing officer's assessment of the evidence and his judgment in reconciling conflicting testimony carries great weight. *In re Smith* (1991), Ind., 572 N.E.2d 1280, In re Kern (1990), Ind., 555 N.E.2d 479. In this instance the hearing officer weighed the evidence and was persuaded that the fee was retained pursuant to an agreement between the parties. We agree and, accordingly, find that evidence is insufficient to form a basis for a finding of misconduct under Count I.

Under Count II of the complaint, we find that on December 24, 1982, Orman retained the Respondent to represent him in a dispute with Haseman over mineral rights. Orman signed a contingent fee contract whereby he was to pay the Respondent 25% of any recovery before suit was filed; if suit was filed, 35% of the amount collected, and if the matter was appealed, 50% of the amount finally recovered. The Respondent was to resist any appeal of a judgment favorable to Orman but was not going to appeal a negative judgment.

The trial court first granted Defendant's Motion for Summary Judgment as to Count I of Orman's claim, and Orman and the Respondent agreed not to challenge this decision. Summary Judgment as to Count II of Orman's complaint was granted on December 2, 1986, and Orman was informed by the Respondent that the Respondent would prefer that another lawyer pursue the appeal. The Respondent agreed to file a Motion to Correct Error on behalf of Orman before the time for filing such motion elapsed. The hearing officer found that the Respondent prepared and mailed the motion by regular mail. However, such motion was never received nor filed in the trial court as promised.

The findings under Count II establish that the Respondent, by failing to file the Motion to Correct Error as agreed, failed to act with reasonable diligence and promptness in representing Orman and thereby violated Rule 1.3 of the *Rules of Professional Conduct for Attorneys at Law*.

Having concluded that the Respondent engaged in misconduct, we must now assess an appropriate sanction. Respondent's conduct in this case reflects a disregard for one of the most elementary factors of the practice of law, the diligent and timely compliance with procedural deadlines. All too often, failure to monitor and comply with such deadlines results in irreparable loss and damage to the client. We are also mindful of the negligent aspect of this single violation. In light of this, we

find that a public reprimand is warranted under the circumstances of this case.

Accordingly, the Respondent, Brian W. Smith, is reprimanded and admonished for the professional misconduct set out above.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., and GIVAN and KRAHULIK, JJ., concur.

DeBRULER and DICKSON, JJ., dissent and would impose a private reprimand.