In the Matter of Robert C. LEVINSON.

No. 49S00–8908–DI–646.

Supreme Court of Indiana.

Dec. 9, 1992.

James H. Voyles, Indianapolis, for respondent.

David B. Hughes, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## PER CURIAM.

The Respondent, Robert C. Levinson, was charged in a complaint for disciplinary action with violations of Rules 1.2(a), 1.3, 1.4(a), and 1.4(b) of the *Rules of Professional Conduct for Attorneys at Law.* An evidentiary hearing occurred, and the Hearing Officer submitted his findings of fact and conclusions of law. He concluded that Respondent violated Rule 1.2(a), Rule 1.3, and Rule 1.4(a), which require, respectively, that an attorney abide by a client's decisions concerning the objectives of the representation and consult with the client about the means by which the objectives are to be pursued, that an attorney act with reasonable diligence and promptness in representing a client, and that an attorney keep a client reasonably informed about the status of the client's case and promptly comply with reasonable requests for information. Respondent has submitted a Petition for Review of the Hearing Officer's report.

Our review of this disciplinary case is *de novo* in nature. We review not only the Hearing Officer's report but the entire record before us. The Hearing Officer's findings may receive emphasis given his opportunity to directly observe the witnesses, but this Court makes the ultimate determination of the facts and conclusions. *Matter of Smith* (1991), Ind., 579 N.E.2d 450; *In re Gemmer* (1991), Ind., 566 N.E.2d 528.

We find the facts to be as follows. On April 25, 1988, Stanley Scott retained Respondent for the purpose of filing a petition for post-conviction relief on behalf of Stanley's incarcerated brother, Anthony Scott. Respondent drafted a written agreement with Stanley Scott in which it was stated that Respondent received $500.00 from Stanley "as retainer for post-conviction petition on two cases in Marion County Criminal Court." In the agreement, Respondent stated that the total fee

would be $1,700.00. The agreement further stated that Respondent "will review transcripts of the proceedings in the two cases and report his professional opinion ... If attorney believes after review of transcripts that further action will be fruitless, he will advise clients and charge a total of $1,000.00 if transcripts are $400.00 or less ... If over $400.00 client agrees to pay any amount over $400.00. In the event that client desires to continue client will pay full $1,700.00 plus costs."

The objective of the agreement was to protect Stanley's brother, Anthony, from a habitual criminal conviction based on the convictions in Marion Criminal Court # 3, by attempting to establish errors in those underlying convictions. As the Hearing Officer noted, the signed agreement and good practice both required Respondent to review the records of the two convictions. However, the evidence is clear that Respondent made no attempt to listen to the taped recordings of the two proceedings, nor did he request transcripts of either case. We find that the evidence is clear and convincing that from the date of his agreement with Stanley Smith through the filing of the grievance fifteen months later, Respondent did nothing reasonably calculated to meet the objectives of the representation.

After the April 1988 agreement, Stanley Scott and Anthony Scott tried to contact Respondent on numerous occasions about the case, but were unable to obtain any information about the status of Respondent's mission to pursue the possibility of attacking the convictions. Respondent asserts that he did verbally advise Stanley Scott that pursuing the case would be fruitless, allegedly on the basis of legal research and a discussion with the prosecutor and police officers, but the Hearing Officer made a determination of credibility adverse to Respondent, and we defer to his assessment.

The evidence clearly and convincingly reflects that Respondent violated Rule 1.2(a) by failing to abide by the objectives of the representation, that he violated Rule 1.3 by failing to act with reasonable diligence and

promptness, and that he violated Rule 1.4(a) by failing to keep his client informed. Respondent has committed a serious act of neglect of his duties, involving the possibility of extreme prejudice to his client. His initial failure to undertake to review the merits of a possible post-conviction petition was then egregiously compounded by his failure to communicate with his client or the client's brother. Furthermore, in light of the fact that Respondent was disciplined previously in a case which arose in part from his dereliction of his duties as a lawyer, a severe sanction is required. *See, Matter of Levinson,* Ind., 444 N.E.2d 1175 (1983). It is, therefore, ordered that Respondent is suspended from the practice of law for a period of one (1) year effective as of January 11, 1993. It is further ordered that, in order to become eligible for reinstatement, the Respondent must make restitution to Stanley Scott in addition to meeting the requirements of Admission and Discipline Rule 23, Section 4.

Costs of this proceeding are assessed against Respondent.

DICKSON, J., not participating.