In the Matter of Frank J. POPE.

No. 49S00–9310–DI–1110.

Supreme Court of Indiana.

Dec. 8, 1994.

Order Amending Effective Date of Suspension Jan. 18, 1995.

Frank J. Pope, pro se.

Donna McCoy Spear, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

This case involves a two count complaint filed by the Disciplinary Commission of this Court charging the Respondent, Frank J. Pope, with multiple violations of the *Rules of Professional Conduct for Attorneys at Law.* In accordance with Ind.Admission and Discipline Rule 23, this Court appointed a Hearing Officer to conduct a hearing on the charges of professional misconduct. Although being served with notice of the hearing, Respondent failed to attend. The hearing was held without the participation of Respondent and the Hearing Officer has tendered his findings of fact and conclusions of law for consideration by this Court. The Disciplinary Commission has petitioned for review of the hearing officer's report and the Respondent has petitioned this Court for review and remand to the Hearing Officer for additional findings of fact. Respondent's petition for Review and Remand is denied as it relates to the remand to the Hearing Officer for additional findings of fact.

■ This Court is not bound by the Hearing Officer's recommended findings of fact or conclusions of law. *In re Atanga* (1994), Ind., 636 N.E.2d 1253. Our review is *de novo* on the record. *In re Levinson* (1992), Ind., 604 N.E.2d 599; *In re Smith* (1991), Ind., 579 N.E.2d 450. Accordingly, the issues presented by the Disciplinary Commission's petition for review and the remaining issues in Respondent's petition for review and remand will be resolved in the process of our ultimate determination of facts and law in this case.

■ Under Count I of the verified complaint, the Disciplinary Commission charges the Respondent with failing to instigate requested representation, failing to keep his client reasonably informed, failing to act with reasonable diligence and promptness in representing his client, failing to deliver to his client property as entitled, failing to refund unearned payment of fees, and accepting a fee but not providing the requested representation, and cites Ind.Professional Conduct Rules 1.2(a), 1.4(a), 1.3, 1.15(a), 1.16, and 1.5(a), respectively, as the underlying standard of professional conduct.

This Court now finds that all of the allegations of misconduct emanate from Respondent's representation of husband and wife concerning the prior dissolution proceeding of the husband. In this prior dissolution proceeding, there remained an issue concerning ownership of two pieces of property. Issues of support had also developed since the dissolution. Respondent met with these clients on October 1, 1991, and agreed to represent them for five hundred dollars, payable in monthly installments of one hundred dollars. During this meeting, Respondent called the attorney representing the adverse party in the prior dissolution and advised his clients that the child support matters could be resolved by payment through the court. Respondent further indicated that he would look into the property issues. The clients paid the fee, but Respondent performed no further professional services. The clients made numerous, unsuccessful attempts to contact Respondent by phone. In the spring of 1992, the clients, by certified letter, demanded a return of their fees. The letter was received, but did not produce any result. Respondent took no action on the part of these clients other than the telephone call during the first meeting.

The Hearing Officer concluded that Respondent violated the *Rules of Professional Conduct for Attorneys at Law* as charged in this complaint. We concur in this determination with the exception of the conclusion that Respondent violated Prof.Cond.R. 1.15(a). Such provision relates to the segregation of property belonging to a client or third persons. Respondent violated Prof.Cond.R. 1.15(b) which relates to the delivery of property to clients or third persons. However, in that the latter violation was not properly charged, we find no violation under this rule. *In re Roberts* (1983), Ind., 442 N.E.2d 986.

Under Count II of the verified complaint, the Disciplinary Commission charges the Respondent with failing to initiate the agreed

representation, failing to act with reasonable diligence and promptness, failing to promptly deliver property to his client as entitled, and failing to surrender papers and property and refund unearned advance fees, and cites Prof.Cond.R. 1.2(a), 1.3, 1.15, and 1.16(d), respectively, as the underlying standards.

This Court now finds that Count II emanates from a contract of employment entered by Respondent to represent a husband and wife in several legal matters. In mid-December, 1989, Respondent accepted representation of these clients concerning a breach of contract matter. Thereafter, Respondent gave no indication to his clients concerning the status of this matter. The clients insisted that Respondent initiate a lawsuit immediately. In January 1990, the wife contacted Respondent requesting him to initiate proceedings supplemental to enforce a judgment in a lease dispute where the clients received a default judgment and further requested Respondent to appeal from a ruling in a discrimination complaint filed against a former employer.

On February 12, 1990, the wife took documents pertaining to her discrimination action to Respondent at his office. Thereafter, contact with the Respondent became difficult. On March 7, 1990, Respondent met with these clients in their home and was paid $142.50 as a retainer and filing fee to initiate all three matters. Again, communications became difficult. Some time after this first meeting and after being threatened with a complaint, Respondent came to the home of these clients and promised to come back with results.

No action was taken by Respondent in any of these matters. In April 1990, these clients demanded that Respondent cease representation in all three legal matters and return legal fees. On June 30, 1990, Respondent returned to his clients the original documents previously provided and $130.00 of the fees. Respondent noted that he kept $12.50 for reviewing the documentation in the discrimination action.

Adopting, in part, the Hearing Officer's conclusions of law under Count II, this Court now further finds and concludes that, by failing to initiate litigation or otherwise act in representing these clients, Respondent did not act with reasonable diligence and promptness in the representation of these clients and, accordingly, violated Prof. Cond.R. 1.3. We further find and conclude that by delaying the return of client property and funds, Respondent did not take reasonable steps to protect his client's interest upon termination of the representation and, accordingly, violated Prof.Cond.R. 1.16(d). We find no misconduct under the other alleged violations of our disciplinary rules.

■ Having found misconduct, it is now the duty of this Court to assess the appropriate discipline. The Hearing Officer makes no recommendation in this regard. This decision entails consideration of the disciplinary offense, actual or potential injury, the state of mind of Respondent, the duty of this Court to preserve the integrity of the profession, the potential risk to the public in permitting the disciplined attorney to continue in the profession, and matters in mitigation, extenuation or aggravation which arise from the factual setting presented by the case. *In re Cawley* (1992), Ind., 602 N.E.2d 1022; *In re Wells* (1991), Ind., 572 N.E.2d 1290; *In re Smith* (1991), Ind., 572 N.E.2d 1280.

The present case demonstrates a pattern of neglect by Respondent. He accepted cases, promised certain acts, but failed to carry through on his professional duties. There is no suggestion of dishonesty or malevolence. Respondent simply failed to act with due diligence. However, even though Respondent did not act with a conscious objective or purpose to achieve the particular adverse result, his actions were predicated on a conscious awareness of the attendant circumstances. Such conduct imparts negatively on the profession as a whole and serves to damage an integrity a majority of practitioners strive to uphold. *In re Heamon* (1993), Ind., 622 N.E.2d 484. In the process of this conduct, the interests of Respondent were placed at risk. Such professional misconduct warrants a period of suspension.

It is therefore ordered that, by reason of the violations of the *Rules of Professional Conduct for Attorneys at Law* found in this case, the Respondent Frank J. Pope, is hereby suspended from the practice of law in the State of Indiana for a period of ninety (90)

days beginning January 9, 1995. At the conclusion of this period of suspension, the Respondent shall be automatically reinstated to the practice of law, subject to Admis.Disc.R. 23(4)(c).

Costs of this proceeding are assessed against the Respondent.

## ORDER AMENDING EFFECTIVE DATE OF SUSPENSION

(Jan. 18, 1995.)

This Court, by *per curiam* order issued December 8, 1994, suspended the respondent, Frank J. Pope, from the practice of law for a period of ninety (90) days, effective January 9, 1995. The respondent has since filed a "Verified Petition to Amend Period of Suspension," therein alleging that, due to delay in service of the *per curiam* order, he did not receive notice of his suspension until January 11, 1995. The respondent now requests that this Court amend the effective date of his suspension to February 3, 1995.

And this Court, being duly advised, now finds that the December 8, 1994 *per curiam* order concluding this matter should be amended as to the effective date of the respondent's period of suspension.

IT IS, THEREFORE, ORDERED that the December 8, 1994 *per curiam* order concluding this case be amended only to the effect that the effective date of the respondent's ninety (90) day suspension from the practice of law commence on February 3, 1995. The December 8, 1994 *per curiam* order is to otherwise remain in full force and effect.

The Clerk of this Court is directed to forward notice of this Order to the respondent and to the Indiana Supreme Court Disciplinary Commission, and to all other parties entitled to notice pursuant to Ind. Admission and Discipline Rule 23(3)(d).