**In the Matter of Frank J. POPE.**

No. 49S00–9411–DI–1072.

Supreme Court of Indiana.

July 16, 1996.

Frank J. Pope, Indianapolis, pro se.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Commission has charged the respondent with several violations of the *Rules of Professional Conduct for Attorneys at Law* in connection with representation he provided to a criminal defendant. The Commission and the respondent have reached an agreed resolution of the charges pursuant to Indiana Admission and Discipline Rule 23, Section 11(c), therein stating that a public reprimand is an appropriate sanction for the misconduct occurring in this case. This Court's jurisdiction of this matter arises from the respondent's admission to the bar of this state in 1974. We approve the tendered agreement

and, in the opinion that follows, set forth the facts and circumstances of this case.

The parties agree that in 1991, the respondent represented a criminal defendant (the "defendant") charged with murder. On August 2, 1991, the defendant was convicted and sentenced to consecutive 60 and 40 year sentences. In August of 1992, the defendant's mother (the "mother") retained the respondent to explore allegations that a certain state's witness (the "witness") later admitted to lying while testifying at the defendant's trial. The mother retained the respondent to review materials the defendant possessed which allegedly supported the allegations and to locate and interview the witness. The mother also wanted the respondent to evaluate the potential impact the witness's recantation would have on postconviction proceedings. She paid the respondent $100 towards a total retainer of $500. At about the same time the mother retained the respondent, the Marion County Public Defender's Office initiated an appeal of the defendant's conviction.

In late August of 1992, the respondent visited the defendant in prison to discuss the witness and the materials supporting the alleged recantation of testimony. At the meeting, the defendant gave the respondent an unofficial copy of the trial transcript. At about that same time, the respondent spoke to the trial court judge and the deputy prosecutor who had tried the case about the witness and the impact a recantation would have on the defendant's conviction.

On September 4, 1992, the respondent wrote to the defendant's mother, acknowledging payment of an additional $300 of the retainer and explaining work he had done to date. On October 24, 1992, the mother paid the remaining $100 in satisfaction of the retainer, which the respondent acknowledged by letter dated October 31, 1992. In that letter, the respondent explained to the mother that the course of action being pursued was independent of the defendant's appeal and that they should not consider filing a petition for post-conviction relief until the appeal process was exhausted.

The respondent later discovered that the witness was incarcerated. He never interviewed, deposed or otherwise contacted the witness with respect to the testimony provided at the defendant's criminal trial. After January 1993, all communication between the respondent, the defendant, and the mother ceased. The defendant and his mother began to question the respondent's progress on the matter and requested that he return to them the copy of the transcript. They wrote five letters to the respondent between January and June 1993. The respondent did not reply. On February 19, 1993, the defendant informed the respondent that his conviction had been affirmed on appeal. The respondent still failed to take further action on his behalf. In June 1993, the defendant discharged the respondent and requested return of the transcript copies. The respondent did not ensure that the defendant obtained the copies.

■■■ The Commission charged the respondent with violating Ind.Professional Conduct Rules 1.3, 1.4(a), 1.4(b), and 1.16(d). Professional Conduct Rule 1.3 requires a lawyer to "act with reasonable diligence and promptness in representing a client." We find that the respondent's failure to contact the state's witness or otherwise fully investigate the alleged recantation violated Prof. Cond.R. 1.3. Professional Conduct Rules 1.4(a) and (b) require a lawyer to keep clients "reasonably informed about the status of a matter and promptly comply with reasonable requests for information," and to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." By failing to respond to the mother's and the defendant's repeated requests for information after January 1993, the respondent violated Prof. Cond.R. 1.4(a) and (b). Professional Conduct Rule 1.16(d) provides that, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled ...". The respondent's failure to ensure that the defendant received the copies of the trial transcript as requested after discharge violated Prof.Cond.R. 1.16(d).

■■■ In proposing that a public reprimand is appropriate in this case, the Com-

mission and the respondent agree on certain factors they purport mitigate the severity of the respondent's misconduct. They state that the respondent invested about 20 hours in the investigation and pursuit of the defendant's claims before ceasing communications and that he felt "betrayed" because the defendant had raised the issue of ineffective assistance of counsel in his appeal when the defendant had repeatedly indicated that he thought the trial representation was satisfactory. We accord mitigating value to the respondent's gratuitous additional legal services, but not to his having taken offense at his client's appellate theory. As an aggravating circumstance, we note that the respondent has been disciplined once before by this Court for neglect of two clients' cases. *In re Pope,* 644 N.E.2d 90 (Ind.1994).

Upon consideration of the aforementioned factors, we conclude the agreed discipline is sufficient. It is, therefore, ordered that the respondent, Frank J. Pope, be reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against the respondent.