**In the Matter of Frank J. POPE.**

No. 49S00–9702–DI–163.

Supreme Court of Indiana.

June 4, 1998.

No appearance for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth Pruden, Staff Attorney, Indianapolis, for Indiana Supreme Court, Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

By failing for seven months to file a simple petition for dissolution of marriage on behalf of a client after being hired to do so, and thereafter letting another six months pass before requesting that the petition be set for final hearing, lawyer [1] Frank J. Pope did not represent his client with sufficient diligence or promptness, in violation of the *Rules of Professional Conduct for Attorneys at Law.*

This case comes before us pursuant to the Disciplinary Commission's *Verified Complaint for Disciplinary Action.* Hearing on that complaint was conducted before a hearing officer appointed by this Court. Ind.Admission and Discipline Rule 23(11). The respondent did not appear at hearing. In his report to this Court, the hearing officer concluded that the respondent engaged in misconduct as charged. That report is now before us for final determination. Where, as here, neither party has moved this Court for formal review [2] of the hearing officer's report, we accept and adopt the findings contained therein with the understanding the final determination as to disciplinary violation and sanction rests with this Court. *Matter of Stover–Pock,* 604 N.E.2d 606 (Ind. 1992).

1. The respondent was admitted to this state's bar in 1974.

2. Ind. Admission and Discipline Rule 23(15).

Within that review structure, we now find that in May of 1995, a client hired the respondent to represent her in a dissolution action. She paid him $300 for the representation. The case was relatively simple, with no custody or significant property issues in dispute. During the next several months, the client tried numerous times to reach the respondent by telephone, but was never able to speak with him until the fall of 1995. At that time, the respondent assured her that her case would be completed by November 1995. She spoke with him again on December 1, 1995, and he assured her that he would mail to her a copy of the petition for dissolution that day. He filed a petition for dissolution on December 7, 1995, about seven months after taking her case. He did not request a final hearing in the case until the summer of 1996, despite inquiries from his client about the status of the case. In August 1996, the respondent obtained a dissolution order.

A client's interests often can be adversely affected by the passage of time or change of conditions. Even when the client's interests are not affected in substance, unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness. *See* Comment to Prof.Cond.R. 1.3. Due to such concerns, Indiana Professional Conduct Rule 1.3 requires that lawyers act with reasonable diligence and promptness in representing clients. The respondent failed for seven months to file a simple petition for dissolution after accepting a case and fee. After finally filing the pleading, he let another six months pass before securing a final hearing date. We therefore find that the respondent failed to act with reasonable diligence and promptness on behalf of his client in violation of Prof.Cond.R. 1.3.

Having found misconduct, we turn to the issue of proper sanction. In addition to the respondent's present misconduct, his prior misconduct is also relevant to our assessment. The respondent has been disciplined twice before by this Court. In 1994, we suspended him for a period of 90 days for failing adequately to communicate with clients about the status of their legal matters and for exhibiting a lack of diligence on their

behalves. *Matter of Pope*, 644 N.E.2d 90 (Ind.1994). More recently, we publicly censured him for failing to act diligently on behalf of a criminal defendant. *Matter of Pope*, 667 N.E.2d 1117 (Ind.1996). The present case reflects continuation of the respondent's pattern of inadequate communication with clients and procrastination in pursuing their causes. The list of clients who, because of the respondent's faulty representation, have suffered needless anxiety and loss of confidence in his trustworthiness continues to grow. His habitual shortcomings transform what would otherwise be relatively minor misconduct into more serious wrongdoing. For that reason, we conclude that a significant period of suspension, with the requirement that he demonstrate his fitness to practice law prior to reinstatement, is warranted.

It is, therefore, ordered that the respondent, Frank E. Pope, be suspended from the practice of law for a period of not less than ninety (90) days, beginning July 6, 1998. At the conclusion of that period, he may petition this Court for reinstatement, provided he complies with the requirements of Admission and Discipline Rule 23, including those contained in subsection 26(b) regarding disbarred or suspended attorneys, and pays the costs of this proceeding.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.