In the Matter of William G. BAARS.

No. 49S00–8801–DI–148.

Supreme Court of Indiana.

Aug. 18, 1989.

No Appearance for respondent.

Linda K. Barnard, Staff Atty., Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This case is before us on a Verified Complaint For Disciplinary Action charging attorney William G. Baars, the Respondent herein, with violating the *Rules of Professional Conduct.* The charges have been heard by a Hearing Officer appointed pursuant to Admission and Discipline Rule 23, Section 11(b), who now reports his findings and conclusion to this Court. The Respondent has made no appearance in this proceeding, either in person or by attorney, although he has received notice of the scheduled hearings by certified mail. The Hearing Officer's findings have not been

challenged, and we now accept and adopt the same.

Upon an examination of all matters submitted in this case, we find that William G. Baars is an attorney admitted to the Bar of the State of Indiana on September 25, 1968. On October 16, 1980, he filed an "Affidavit Of Exemption From Registration Fee For Indiana Attorneys" with the Clerk of the Indiana Supreme Court. The affidavit was executed pursuant to Admission and Discipline Rule 23, Section 21(b)(2), which exempts an attorney from paying the annual registration fee. The Respondent stated in the affidavit, under oath, that he is not engaged in the practice of law in this state and that he is making the affidavit for the express purpose of his being excused from paying the annual registration fee.

Thereafter, the Respondent entered an appearance as an attorney for Michael Floyd in the Hancock Circuit Court on April 15, 1987. On the same date the Respondent also filed an "Agreed Entry of Modification" on behalf of Michael Floyd.

On July 10, 1987, the Respondent appeared on behalf of Margaret Rhodes at a hearing in Marion County Superior Court, Room Number Two. On July 14, 1987, he filed a "Trial Readiness Certificate" on behalf of Margaret Rhodes, and on September 30, 1987, he filed a "Withdrawal of Appearance" in the case.

On September 29, 1987, Eva Neffle paid the $45 registration fee on Respondent's behalf. The Respondent had paid no annual registration fee from October 16, 1980 until September 29, 1987.

The foregoing findings establish that Respondent practiced law and acted in a representative capacity while he had sworn in an affidavit that he was not engaged in the practice of law. Admission and Discipline Rule 23, Section 21(b)(2)(i), specifically states that an exempt attorney shall promptly notify the Clerk of a desired change in the status as an exempt attorney, and pay the applicable registration fee for the current year, prior to any act of practicing law. The Respondent had filed the affidavit for the express purpose of not paying the necessary registration fee. In spite of this, he violated his oath and the foregoing rule and engaged in the practice of law. Respondent's actions in this matter are prejudicial to the administration of justice and violate Rules 5.5 and 8.4(d) of the *Rules of Professional Conduct.*

Having determined that the Respondent has engaged in the charged misconduct, we must now determine the appropriate sanction. The foregoing findings establish that the Respondent intentionally misrepresented to this Court his professional status, evaded payment of registration fees and blatantly disregarded the laws governing the practice of law. Article 7, Section 4 of the Constitution of Indiana vests this Court with jurisdiction of the practice of law, including admission to the practice, the discipline or disbarment of those admitted and the unauthorized practice of law. We would be remiss in fulfilling our constitutional duties were we to treat Respondent's conduct casually. In light of the findings in this case and the foregoing considerations, we conclude that a two (2) year period of suspension is warranted under the circumstances of this case. Accordingly, the Respondent, William G. Baars, is hereby suspended from the practice of law in this State for a period of not less than two (2) years beginning September 18, 1989.

Costs of this proceeding are assessed against the Respondent.

All Justices concur.