**In the MATTER of Contempt of the Supreme Court of Indiana, James Lynn POWELL.**

**No 49S00–9509–CO–1111.**

Supreme Court of Indiana.

Nov. 28, 1995.

---

7. *See also* Ind.Code § 31–1–21–6 (1993).

CONTEMPT OF COURT

Original Action

PER CURIAM.

This matter comes before this Court on an *Order to Appear and Show Cause* directing the respondent, James L. Powell, to appear and show cause why he should not be held in contempt of this Court.

The respondent was disbarred as an attorney in the State of Indiana on August 8, 1988. *Matter of Powell* (1988), Ind., 526 N.E.2d 971. On September 29, 1995, the Indiana Supreme Court Disciplinary Commission filed its *Verified Information and Motion for Order to Show Cause Why Respondent Should Not Be Held in Contempt of Court* ("Information"). The Information is in two counts; it charges the respondent with engaging in contemptuous conduct by practicing law in defiance of this Court's order of disbarment. The *Order to Appear And Show Cause* was issued on October 2, 1995, directing the respondent to appear on November 28, 1995, at 9:30 a.m., in the Supreme Court Courtroom. Also, on November 22, 1995, the respondent filed with the Clerk of this Court a *Verified Motion by Respondent That His License to Practice Law in Indiana Be Reinstated Immediately.*

This matter came for hearing before this Court as ordered. The Commission appeared by attorneys Charles Kidd and Dennis McKinney. The respondent appeared *pro se.* Evidence was presented by the Commission and by the respondent. This Court, having considered all the evidence, the testimony of the witnesses, the exhibits and the arguments of both parties, now finds as follows:

In regard to respondent's *Verified Motion That His License to Practice Law in Indiana Be Reinstated Immediately,* we note that reinstatement proceedings are governed by *Admission and Discipline Rule 23, Sections 4 and 18,* and that respondent's pleading does not in any respect comply with the rule. Accordingly, it is hereby dismissed.

Respondent does not deny the material facts concerning his representation of clients as charged in the Commission Information. Under Count I of the charges we find that the respondent undertook to represent a client in a potential Social Security back payment claim and a potential wrongful

death claim resulting from the murder of the client's daughter. The respondent received $900 as a retainer fee. In the course of the representation, the respondent also prepared exemption forms in a small claims matter in which the client was a defendant. During pursuit of the Social Security claim, respondent prepared an affidavit on behalf of the client for presentation to Bank One and drafted a civil complaint against the bank for the client's signature. We find that the respondent engaged in the practice of law in violation of this Court's order, and we find him guilty of indirect criminal contempt of this Court.

■ Under Count II, we find that the respondent undertook to perform a myriad of legal services for another client, including representation in the estate of the client's aunt, preparation of a will for the client, incorporation of the client's business, and a claim for insurance recovery for unscheduled jewelry loss. The respondent requested a retainer of $1,825, and received $500 toward that fee. In the course of this representation, the respondent prepared objections to final accounting in the estate, to be signed and filed by the client. We find under this count that the respondent engaged in the practice of law in violation of this Court's order. Accordingly, we find the respondent guilty of indirect criminal contempt of this Court.

■ This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. IC 33–2–1–4; *Matter of Crumpacker* (1982), Ind., 431 N.E.2d 91, 97. This is not the respondent's first brush with the contempt process. On April 14, 1993, we found the respondent guilty of six counts of contempt in connection with six incidents of practicing law in violation of this Court's order of disbarment. The respondent was sentenced to a term of three months imprisonment, all but seven days of which were suspended. Respondent's repeated willful and intentional disregard of this Court's order of disbarment warrants imprisonment.

## SENTENCE

IT IS, THEREFORE, ORDERED that James L. Powell is sentenced to a term of ninety (90) days, without the benefit of good time. The Sheriff of the Supreme Court is directed to take James L. Powell into custody immediately and to turn the respondent over to the Indiana Department of Correction.

## COMMITMENT

IT IS FURTHER ORDERED that James L. Powell is committed to the Indiana Department of Correction for the duration of his sentence. Those provisions of the law authorizing the diminution of sentence for good time served shall not apply to this sentence.

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court shall forward copies of this *Order* to the Disciplinary Commission, the respondent and the Indiana Department of Correction. The Sheriff of this Court shall deliver copies of this Order to the respondent and the Department of Correction and may seek the assistance of any law enforcement officer in transporting the respondent.

DeBRULER, DICKSON and SELBY, JJ., concur.

SULLIVAN, J., concurs with judgment of guilt but dissents on the penalty as too severe.