In the Matter of CONTEMPT OF THE SUPREME COURT OF INDIANA.

Roger S. Curry, Respondent.

No. 49S00–9607–CO–475.

Supreme Court of Indiana.

Nov. 26, 1996.

## CONTEMPT OF COURT

PER CURIAM.

This case comes before this Court on the Indiana Supreme Court Disciplinary Commission's *Amended Verified Information and Motion for Order to Show Cause Why Respondent Should Not Be Held in Contempt of Court.* By an order of February 13, 1992, this Court accepted the respondent's resignation from the Bar and ordered his name removed from the roll of attorneys. The resignation was precipitated by a disciplinary action against the respondent which grew out of his criminal conviction in the United States District Court for the Southern District of Indiana. The information for contempt is in three counts; it charges that the respondent practiced law in defiance of this Court's order accepting his resignation from the Bar and removing his name from the roll of attorneys.

This Court granted the Commission's motion for a show cause order and ordered the respondent to appear. The respondent filed a Verified Return admitting the essential factual allegations of the Commission's information, and he submitted for our consideration several mitigating factors. On November 25, 1996, at 10:00 a.m., in the Supreme Court Courtroom, at Indianapolis, the respondent and the Commission appeared, and the matter came for hearing before Chief Justice Shepard and Justice Boehm. Said Justices reported their findings of fact to the entire Court, and this Court, having considered all relevant pleadings, exhibits, and arguments, now finds as follows:

At all times relevant to this proceeding, the respondent was employed by K.L. Presnell Development, Inc. as Office Manager/Property Manager. During the hearing, the respondent informed this Court that Mr. Presnell was a cousin of the respondent's wife and had offered him a job in his business.

In Count I, the Commission alleges that by appearing at a meeting of the Morgan County Planning Commission which was considering a rezoning petition involving property being purchased by K.L. Presnell Development, Inc., the respondent engaged in the unauthorized practice of law. We find that the evidence relative to this charge fails to prove that the respondent either held himself out as an attorney or acted in an attorney-client relationship. This count also alleges, and the respondent admits, that he filed a complaint on behalf of K.L. Presnell Development, Inc. against Roberta Cummins,

et al. in the Johnson Circuit Court. K.L. Presnell Development, Inc., is a corporation, and as such it must be be represented by legal counsel. *State ex rel. Western Parks v. Bartholomew Co. Ct.,* 383 N.E.2d 290 (Ind. 1978).[1] Neither the respondent nor his employer could appear on behalf of the corporation without legal counsel. By filing a petition for the corporation the respondent acted in a representative capacity and engaged in the practice of law.

■ As to Count II, we find that, during 1996, the respondent wrote and sent two letters wherein he stated that he was providing legal advice to his employer and members of the employer's family. We find that, by so stating, the respondent held himself out as an attorney acting in the capacity of legal advisor.

■ Under the charges of Count III, we find that in January of 1996, the respondent, on behalf of Mr. Presnell signed and filed in the Johnson Circuit Court a "Complaint on Land Contract and to Forfeit and/or Foreclose Land Contract." He signed the complaint "PRESNELL PARTNERSHIP by Roger S. Curry." Mr. Curry was not a partner of this partnership. We conclude that his conduct in filing law suits for other legal entities and implying that he was an attorney was in violation of this Court's order and, accordingly, we find the respondent guilty of indirect contempt of this Court.

■ This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *IC 33–2–1–4; Matter of Powell,* 658 N.E.2d 572 (Ind.1995); *Matter of Crumpacker,* 431 N.E.2d 91 (Ind. 1982). We note in this case that the legal activities in which the respondent engaged related to the respondent's status as an employee with K.L. Presnell and were not part of any attorney-client type relationship. He expressed genuine remorse for his conduct and a firm commitment that henceforth he will exercise vigilance and adhere strictly to this Court's order. He states, and we cannot find to the contrary, that his violations were

inadvertent or the product of bad judgment, not willfulness. Both the respondent and his employer are fully aware of the extent of the limitation on the respondent's use of his legal skills and, as a result, K.L. Presnell Development, Inc., has retained counsel to represent it in all matters necessitating any legal activity. At all time Mr. Presnell was aware that Mr. Curry was not admitted to the Bar. In light of the foregoing considerations, we conclude that a fine is an appropriate penalty.

IT IS, THEREFORE, ORDERED that Roger S. Curry is guilty of contempt of this Court and that, pursuant to *IC 33–2–1–4,* he is hereby fined two hundred dollars ($200). Costs of this proceeding are assessed against the respondent. The Clerk of this Court shall forward copies of this Opinion to West Publishing Company for publication and to all entities listed in Admission and Discipline Rule 23, Section 3(d).

---

1. A corporation must appear by counsel except in very limited circumstances in claims not exceeding $1,500 filed as small claims and then only by a special corporate resolution. Even in

such circumstances, none of which are present here, the appointed non-attorney agent cannot be a disbarred or suspended attorney. *Small Claims Rule 8. Informality of Hearing.*