In the Matter of Contempt of the Supreme Court of Indiana, William G. BAARS, Respondent.

No. 49S00–9612–C0–743.

Supreme Court of Indiana.

July 11, 1997.

PER CURIAM.

This matter comes before this Court on an *Order to Appear and Show Cause* directing the respondent, William G. Baars, to appear and show cause why he should not be held in contempt of this Court.

The respondent was admitted to the Bar of this state in 1968. In 1989, he was suspended from the practice of law for a period of not less than two (2) years, without automatic reinstatement. *In re Baars*, 542 N.E.2d 558 (Ind.1989) (hereinafter the "1989 order"). He has not been reinstated to the practice of law.

Hearing pursuant to the *Order to Appear and Show Cause* was conducted by this Court on April 17, 1997, before Justices Selby and Boehm. The Commission, by staff counsel Seth T. Pruden, presented evidence as to its two-count *Verified Information and Motion for Order to Show Cause Why Respondent Should not be Held in Contempt of Court*. The respondent did not appear in person or by counsel. During hearing, Commission counsel stated that he had contacted the Marion County Jail and learned that the respondent was incarcerated on criminal charges unrelated to this action. Despite his failure to appear, this Court granted the respondent an opportunity to respond to the evidence submitted at hearing by the Commission. The respondent failed to respond. The Court granted the Commission's motion to submit proposed findings of fact and conclusions of law. Having considered the evidence submitted at hearing of this matter and the Commission's proposed findings, we now find as follows.

Under Count I of the *Verified Information*, we find that on October 21, 1996, while suspended from the bar of this Court pursuant to the 1989 order, the respondent entered his appearance as an attorney on behalf of a mother in the Boone Circuit Court in a paternity action. A hearing was conducted on October 22, 1996, but the respondent failed to appear. On October 24, 1996, the Boone Circuit Court issued an order reflecting the respondent's failure to appear and stating that the mother desired to proceed "without her counsel" and that she desired to "terminate her relationship with her counsel," referring to the respondent.

As to Count II of the *Verified Information*, we find that in late October or early November of 1996, a father sought legal representation to assist him in having his child support obligations terminated due to the emancipation of the child. A friend of the father introduced the respondent to him in an Indianapolis tavern. The friend told the father that the respondent had represented him on occasion as his attorney. The respon-

dent later informed the father that he was an attorney and that he could represent him in the child support matter. The father paid the respondent $100 as a fee for the representation. Payment of the fee was memorialized by the respondent with hand-written receipt. The respondent then prepared a hand-written petition for a termination of an order of support for the alleged emancipated child and presented the document to the father, who signed it on November 18, 1996.

Additionally, on November 15, 1996, the respondent hired the father to drive him to meet with other alleged clients and for other errands. As payment for the service, the respondent wrote the father two checks: one for $50 and the other for $100. The checks were later dishonored due to insufficient funds.

■ We find that, under both counts, the respondent engaged in the practice of law in violation of this Court's 1989 order suspending him from practice. Accordingly, we find the respondent guilty of indirect contempt of this Court.

■ This Court has inherent and statutory authority to punish contempt of Court by fine and imprisonment. IC 33–2–1–4; *In re Powell,* 658 N.E.2d 572 (Ind.1995); *In re Crumpacker,* 431 N.E.2d 91 (Ind.1982). The respondent intentionally violated this Court's order of suspension by undertaking to provide legal representation to persons relying on his assertion that he was an attorney. Further, the respondent's present contemptuous actions mirror the conduct for which he was suspended by this Court in 1989. There, in an attorney disciplinary action, we found that the respondent continued to act in a representative capacity and to practice law while having on file with this Court an "Affidavit of Exemption From Registration Fee for Indiana Attorneys," pursuant to which he stated, under oath, that he was not engaged in the practice of law in this state. *Baars,* 542 N.E.2d at 559. His present willful violation of our order of suspension, especially in light of his previous intentional disregard of this Court's authority and process, warrants imprisonment and fine.

## SENTENCE

IT IS, THEREFORE, ORDERED that the respondent, William G. Baars, is sentenced to a term of thirty (30) days incarceration, without the benefit of good time. The Sheriff of this Court is directed to take the respondent, William G. Baars, into custody immediately and is further directed to turn the respondent over to the Indiana Department of Correction.

IT IS FURTHER ORDERED that the respondent be fined the sum of two hundred dollars ($200).

## COMMITMENT

IT IS FURTHER ORDERED that the respondent, William G. Baars, is committed to the Indiana Department of Correction for the duration of his sentence. Those provisions of the law authorizing the diminution of sentence for good time served shall not apply to this sentence.

The Clerk of this Court shall forward notice of this Order to the Indiana Supreme Court Disciplinary Commission, to the respondent, to the Indiana Department of Correction, to the West Publishing Company for publication, and to all other entities as provided in Ind. Admission and Discipline Rule 23(3)(d).

The Sheriff of this Court is directed to deliver copies of this Order to the respondent and to the Indiana Department of Correction and may seek the assistance of any law enforcement officer in transporting the respondent.

Costs of this proceeding are assessed against the respondent.

All Justices concur.