In the Matter of Wilburn Gudgell LOWRY.

No. 49S00–0105–CO–244.

Supreme Court of Indiana.

Dec. 21, 2001.

## ORDER SUSPENDING THE RESPONDENT FROM THE PRACTICE OF LAW IN INDIANA

By order dated August 29, 2001, this Court found the respondent, Wilburn Gudgell Lowry, in contempt for practicing law while under order of suspension from this Court for failure to comply with continuing legal education requirements. The Court imposed a fine of $2,500 and costs.

On October 1, 2001, the respondent tendered a check for $1,000 to the Clerk of Court in partial payment of the fine for his contempt. This check was returned to the respondent, as such payment did not comply with the terms of this Court's order dated August 29, 2001. The Commission for Continuing Legal Education on October 2, 2001, filed its *Verified Notice of Noncompliance* seeking the respondent's suspension from the practice of law until he pays all fines and costs. The Commission further noted that the respondent owes an additional $495 in annual fees and penalties.

The Court finds that the respondent has not complied with the terms of the Court's order dated August 29, 2001, and that he should be suspended from the practice of law until he does.

IT IS, THEREFORE, ORDERED that the respondent, Wilburn Gudgell Lowry, is hereby suspended from the practice of law, effective immediately, until he pays the fine and costs imposed in this Court's order dated August 29, 2001. It is further ordered that the respondent must satisfy

all delinquent annual fees and penalties to become reinstated.

The Clerk of this Court is directed to forward notice of this order to the respondent by certified mail, return receipt requested, at his address as reflected in the Roll of Attorneys. The Clerk of this Court is further directed to issue notice of this order to the Commission on Continuing Legal Education and the Indiana Supreme Court Disciplinary Commission.

The Clerk of this Court is directed to give notice of this action pursuant to Ind. Admission and Discipline Rule 23(3)(d) and to provide to the Clerk of the United States Court of Appeals for the Seventh Circuit, to the clerks of each of the U.S. District Courts in this state, and to the clerks of the United States Bankruptcy Courts in this state the respondent's last known address as reflected in the records of the Clerk.

All Justices concur.