**In the Matter of Frank J. POPE.**

**No. 49S00–9702–DI–163.**

Supreme Court of Indiana.

July 27, 2002.

### *ORDER FINDING CONTEMPT AND DIRECTING INCARCERATION*

On February 20, 2002, the Indiana Supreme Court Disciplinary Commission filed its *Verified Information and Motion for Order to Show Cause Why Respondent Should Not Be Held In Contempt of Court.* Pursuant to the motion, this Court issued an *Order to Show Cause* on April 19, 2002, therein directing the respondent to show cause in writing within twenty (20) days of service of the order why he should not be held in contempt of this Court.

And this Court, being duly advised and after inquiry, now finds that the respondent received notice of the *Order to Show Cause* as evidenced by a signed postal returned receipt. We find further that the respondent has failed to respond to this Court's order. Accordingly, we take as true to the allegations in the Commission's *Verified Information.* We find that the respondent was suspended by this Court for a period of not fewer than 90 days, effective July 6, 1998, for attorney misconduct. *Matter of Pope*, 695 N.E.2d 112 (Ind.1998). The respondent has not been reinstated to the practice of law and remains suspended. Subsequent to his suspension, the respondent has maintained a presence in the law office of Edward L. Goebel, Jr., in Indianapolis, Indiana, in violation Ind.Admission and Discipline Rule 23(26)(b). While maintaining a presence in the law office of Edward L. Goebel, Jr., the respondent has assisted Goebel in the various functions of the law office,

including, but not limited to, the drafting of legal documents. These acts are openly defiant of this Court's 1998 order suspending the respondent from the practice of law in this state.

The willful and intentional disobedience of the orders of a court can constitute indirect criminal contempt. *Matter of Crumpacker*, 431 N.E.2d 91, 97 (Ind.1982); *Matter of Baars*, 683 N.E.2d 555 (Ind. 1997). This Court has inherent and statutory authority to punish contempt by fine and imprisonment. *Id.*, I.C. 33–2–1–4. In light of the foregoing considerations, we find the respondent, Frank J. Pope, guilty of indirect criminal contempt of this Court, and that the defiance of this Court's authority and process as evidenced by the respondent's contemptuous conduct warrants incarceration for a period of fifteen (15) days.

### SENTENCE

IT IS, THEREFORE, ORDERED that the respondent, Frank J. Pope, is sentenced to a term of incarceration a period a fifteen (15) days, without the benefit of good time. The Sheriff of the Supreme Court of Indiana is directed to take the respondent, Frank J. Pope, into custody and turn him over to the Indiana Department of Correction. In carrying out this order, the Sheriff of the Supreme Court of Indiana may seek the assistance of the Indiana State Police and any other law enforcement officer, and any such law enforcement officer shall provide the requested assistance.

The Clerk of this Court is directed to send copies of this Order to the respondent, to the Indiana Supreme Court Disciplinary Commission, to the Sheriff of the Supreme Court of Indiana, to the West Group, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

Costs of this proceeding are assessed against the respondent.

All Justices concur.