**In the Matter of Michael B. HAUGHEE.**

**No. 45S00–0104–DI–191.**

Supreme Court of Indiana.

May 5, 2003.

## ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** Under Count I, the client, S.M. and her husband, hired the respondent to attempt to arrange the adoption of a child born to K.M.J. The respondent was also hired by S.M. to represent K.M.J. in a pending paternity action. The respondent's appearance in the paternity action came some months after DNA testing established that B.R.R. was the father of K.M.J.'s child. The respondent admits that he had the client, (K.M.J.), sign a consent to dual representation that included a prospective release of respondent's liability for malpractice, without K.M.J. having benefit of independent counsel. The respondent also acknowledges that he signed K.M.J.'s name to a pleading, that had been notarized in blank, without indicating that he was doing so with power of attorney, thereby misleading the court into believing the pleading had actually been signed by K.M.J. before a notary.

Under Count II, a client hired the respondent to protect her assets from her second husband, whom she had just recently married. The client questioned the respondent about a "post-nuptial" agreement. Despite the limited enforceability of such an agreement, the respondent nonetheless expended a good deal of his time and the client's money in preparing a draft of an agreement that was never completed. Subsequently, the client hired the respondent to represent her in dissolution proceedings. During the course of the representation in the dissolution matter, the respondent failed to communicate to the client that a property settlement demand made by the husband had been withdrawn, and in fact, the respondent proceeded as if the demand still existed. Additionally, upon being discharged by the client, the respondent did not immediately withdraw and did not promptly return, as requested, case file material to which the client was entitled.

**Violations:** Under Count I, the respondent violated Ind. Professional Conduct Rule 1.8(h), which prohibits an attorney from prospectively limiting his liability for malpractice without the client having benefit of independent counsel; Prof.Cond.R. 3.3(a)(1), which prohibits an attorney from making a false statement of material fact or law to a tribunal; Prof.Cond.R. 8.4(c), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and Prof. Cond.R. 8.4(d), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice.

Under Count II, the respondent violated Prof.Cond.R. 1.1, which requires an attorney to provide competent representation; Prof.Cond.R. 1.4(b), which requires an attorney to explain a matter to the extent necessary for the client to make informed decisions about the representation; Prof. Cond.R. 1.16(a)(3), which requires an attorney to promptly withdraw his appearance upon being discharged; Prof.Cond.R. 1.16(d), which requires an attorney to promptly return case file material to which the client is entitled upon demand after being discharged; and Prof.Cond.R. 8.4(c).

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not less than 60 days, effective June 14, 2003, with automatic reinstatement thereafter. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Jerome L. Ezell, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SULLIVAN, BOEHM and RUCKER, JJ., concur.

SHEPARD, C.J., and DICKSON, J., concur, except on sanction. They believe the period of suspension is inadequate in light of respondent having lied directly to the client by saying the husband was demanding she pay him money to achieve a settlement when respondent knew the husband was not making such a demand.