**In the Matter of Michael
B. HAUGHEE.**

**No. 45S00–0104–DI–191.**

Supreme Court of Indiana.

Sept. 8, 2003.

**ORDER ON DISCIPLINARY COM-
MISSION'S OBJECTIONS TO AU-
TOMATIC REINSTATEMENT**

On May 5, 2003, this Court suspended the respondent, Michael B. Haughee, from the practice of law for a period of 60 days, effective June 14, 2003, for attorney misconduct. *Matter of Haughee,* 787 N.E.2d 376 (Ind.2003). On August 1, pursuant to Ind.Admission and Discipline Rule 23(4)(c), the Indiana Supreme Court Disciplinary Commission objected to the respondent's automatic reinstatement to the practice of law. On August 8, this Court sustained the Commission's objections and stayed the respondent's automatic reinstatement (set to take effect on August 13, 2003) pending evidentiary hearing on the Commission's objections. That same day, the respondent filed a response to the Commission's objections. On August 18, the Commission supplemented its objections, to which the respondent objects.[1] Eviden-

---

1. The respondent argues that this Court cannot consider the Commission's supplement to its objections, filed on August 18, 2003, because the supplemental materials were tendered to this Court after the time limit for filing such objections, that being 10 days prior to the expiration of the period of suspension. Admis.Disc.R. 23(4)(c). We note that the August 18 materials were in fact a supplement to the Commission's objections, timely filed on August 10, 2003, more than 10 days prior to the date the respondent's automatic

tiary hearing on the Commission's objections and the question of the respondent's reinstatement took place on September 3, 2003.

Specifically, the Commission alleges that the respondent (1) violated Admis.Disc.R. 23(26)(b) [2] by entering an appearance in an estate matter after he received notice of his suspension, and by undertaking to represent a new client in an contemplated paternity action; (2) that, contrary to Admis.Disc.R. 23(4)(c)(1),[3] he prepared and filed *pro se* forms with a court on behalf of the client for which he filed the appearance in the estate matter; and (3) that contrary to Admis.Disc.R. 23(4)(c)(3), he failed timely to file the affidavit required by Admis.Disc.R. 23(26)(b).[4] The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. *Matter of Christoff and Holmes*, 690 N.E.2d 1135 (Ind.1997).

After conducting an evidentiary hearing, we find that the respondent undertook a new legal matter after being notified of his suspension and that he failed timely to file the affidavit required of suspended attorneys. The details of our decision today are set forth as follows.

## A. Undertaking new legal matters while suspended

■ *1. The estate matter.* Testimony and documentary evidence establishes that the respondent represented the executor in an estate matter pending Lake Superior Court. On June 5, 2003, the probate commissioner orally ruled that the executor be removed, along with the respondent as his counsel. The probate commissioner ruled also that the executor's sister, another heir, Nancy Kosek, a resident of Wisconsin, be appointed as co-executrix, subject to her qualification as such. The respondent testified that his relationship with the newly designated executrix prior to this time was similar to that of an attorney and client. In the intra-family dispute surrounding this estate, she was aligned with the initial executor represented by the respondent. On June 5, 2003, when the probate commissioner announced that the initial executor would be removed and that Kosek would be named co-executrix, Kosek asked the respondent to appear as her attorney. The respondent considered her his client, as evidenced by his sending to her one of the letters he sent to each of his clients notifying them of his suspension

reinstatement was to occur prior to this Court's stay. Accordingly, we overrule the respondent's objection.

**2.** Admission and Discipline Rule 23(26)(b) provides, in relevant part:
Upon receiving notice of an order of suspension or disbarment, the respondent shall not undertake any new legal matters between the date of service of the order and the effective date of the discipline.

**3.** Admission and Discipline Rule 23(4)(c)(1) provides that the Commission may object to the automatic reinstatement of a suspended attorney where the attorney has failed to comply with the terms of the order of suspension.

**4.** Admission and Discipline Rule 23(4)(c)(3) provides that the Commission may object to automatic reinstatement where a suspended

attorney fails to comply with the terms of Admis.Disc.R. 23(26)(b), which provides, in relevant part, that a suspended attorney, within 20 days from the date of notice of the suspension, shall file with the Court an affidavit showing that all clients being represented by the attorney in pending matters have been notified by certified mail of the nature and duration of the suspension, and all pending matters of clients requiring the attorney's services during the period of suspension have been placed in the hands and care of an attorney admitted to practice before the Supreme Court of Indiana with the consent of the client. Clients not consenting to be represented by substitute counsel are to be advised to seek the services of counsel of their choice.

pursuant to Adm. & Disc. R. 23(26)(c). On June 13, 2003, one day prior to the effective date of his suspension from the practice of law, and after he had received notice of this suspension, the respondent filed his appearance on her behalf in the estate matter.

Advised by the respondent of his sixty-day suspension from the practice of law, the executrix on June 24, 2003, traveled to Indiana to personally file the oath and instructions necessary for her to qualify as executrix. She asked the respondent to assist her in locating the courthouse so that she could file the documents. He accompanied her to the courthouse. While there, a deputy clerk advised the executrix that she needed to complete and file a *pro se* appearance form. The executrix asked the respondent to fill out the form for her, since she suffered from a physical condition that made it difficult for her to write. The respondent completed the form for her; she signed it and filed it with the court. The respondent testified that at the client's insistence, he included his law office work address as the contact point on the client's *pro se* appearance. The respondent did not receive a legal fee from the executrix for the assistance her provided to her that day. He described his assistance as a "gratuitous scrivener function."

Admission and Discipline Rule 23(26)(b) provides that an attorney shall not undertake any new legal matters between service of the order of suspension and the effective date of the discipline. While the respondent filed an appearance on behalf of the new executrix during this period, accompanied her to the courthouse and assisted her so that she could file the necessary documents to qualify as the executrix, we find that this alone does not clearly and convincingly establish a violation of Admis.Disc.R. 23(26)(b). The Com-

mission failed to establish by clear and convincing evidence that the respondent, in his representation and assistance of Kosek, "undertook a new legal matter" on her behalf.

*2. The paternity matter.* On June 10, 2003, the respondent met with a woman who was contemplating seeking custody of her minor child. That day, the respondent and the woman entered a written agreement providing that that upon "receipt" of $2,090 from the woman, "formal legal action shall commence." The $2090 was to be paid as follows: $400 per month, beginning June 20, 2003, with the balance of $490 paid on October 20, 2003. The respondent testified that he and the woman agreed that formal filing of legal action to obtain custody or establish paternity would not occur prior to about October 20, 2003. She testified that the respondent advised her that once she had paid about one half of the retainer, he could begin legal work on her behalf because the case was likely to be a "lengthy process." The respondent never advised the woman of his impending suspension. They met again a second time during the evening on July 28, 2003, in a restaurant. The meeting lasted over two hours. During this meeting, the woman advised the respondent that the adverse party's attorney had advised her of its intent to initiate formal action to secure custody. The respondent and the woman discussed many details of building a case on her behalf. On August 6, 2003, she sent him a letter advising him of his termination as her counsel. The respondent refunded to her the $800 she had paid to him pursuant to their fee agreement.

We find that the testimony and other evidence submitted clearly and convincingly establish that by entering into the agreement to represent the woman, the respondent "undertook a new legal matter" after he had received notice of his

suspension and before the effective date of his suspension, in violation of Admis.Disc.R 23(26)(b). The respondent also counseled his client as to legal matters during the period of his suspension as demonstrated by the content of their July 28 meeting, in direct contravention of this Court's May 5 order suspending him from practice.

## B. Failure timely to file Admis.Disc.R. 23(26)(b) affidavit

The respondent admitted that he did not file the affidavit required of suspended attorneys within 20 days of notice of his suspension, as required by Admis.Disc.R. 23(26)(b). The record reveals that he filed the affidavit on August 8, 2003, approximately two months after it was due. The respondent attributes his violation of Admis.Disc.R. 23(26)(b) to his failure carefully to apprise himself of the requirements of the rule.

We conclude that the respondent violated Admis.Disc.R. 23(4)(3)(c) and 26(b) by failing timely to file the required affidavit upon being notified of his impending suspension.

## C. Sanction

■ The respondent undertook to represent a client in a new legal matter after being notified of his impending suspension from the practice of law, in direct contravention of Admis.Disc.R. 23(26)(b). In addition, he failed timely to file the affidavit required of suspended attorneys. The evidence adduced at hearing indicates that the respondent's violations were a product of his conscious purpose to evade his responsibilities during the period of his suspension.

In prior cases, an attorney's failure to abide by the prerequisites to automatic reinstatement have resulted in the extension of the original period of suspension required to resolve the Commission's objections. *See, e.g., Matter of Clark,* 792 N.E.2d 544 (Ind. 2003)(failure to advise clients of suspension by certified mail as required by Admis.Disc.R. 23(26)(c); failure timely to file affidavit; additional suspension of 31 days sufficient sanction); *Matter of Thonert* (693 N.E.2d 559 (Ind. 1998)) (additional suspension of about 37 days sufficient sanction where attorney did not intend to circumvent order of suspension by permitted staff to carry on legal functions during period of suspension).

In the present case, we have found that the respondent failed to abide by the technical requirements of Admis.Disc.R. 23(26)(b). Additionally, however, the respondent engaged in more serious misconduct by undertaking a new legal matter after notice of his suspension and by practicing law while suspended. In factually similar cases where, procedurally, the Commission sought a contempt finding, sanction has ranged from fine to fine and imprisonment. *See, e.g., Matter of Lowry,* 760 N.E.2d 170 (Ind.2001) (attorney found in contempt for practicing law while CLE-suspended; $2,500 fine); *Matter of Baars,* 683 N.E.2d 555 (Ind.1997) (attorney found in contempt for practicing law while suspended for attorney misconduct; 30–day incarceration and $200 fine); *Matter of Curry,* 673 N.E.2d 755 (Ind.1996) ($200 fine for contempt finding where attorney held himself out as attorney after resignation); *Matter of Mittower,* 693 N.E.2d 555 (Ind.1998) (lawyer held himself out to general public as attorney constituted unauthorized practice of law and engaged in unauthorized practice of law after resignation from state bar, $500 fine).

We find that the respondent's conduct warrants an extension of his initial period of suspension.

IT IS, THERFORE, ORDERED that the current suspension from the practice of law of the respondent, Michael B. Haughee, shall be continued for an additional period of forty-five (45) days, effective August 13, 2003, after which the respondent shall be automatically reinstated.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.

RUCKER, J., dissents, believing the sanction too severe.