In the Matter of the CONTEMPT OF the Supreme Court of Indiana, Travis Raymond FOX, Respondent.

No. 49S00–0304–CO–168.

Supreme Court of Indiana.

Oct. 9, 2003.

Kevin McGoff, Indianapolis, IN, Attorney for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth Pruden, Staff Attorney, Indianapolis, IN, Attorney for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

The Disciplinary Commission alleged that attorney Travis Raymond Fox continued to represent criminal defendants after being suspended from the practice of law for failing to pay his attorney registration and education fees. Respondent Fox and the Commission have tendered for our approval an agreed resolution of this matter, which we accept today, thereby finding the respondent to be in contempt of this Court.

### I. Procedure

On April 23, 2003, the Disciplinary Commission filed a *Verified Information and Motion for Order to Show Cause Why Respondent Should Not Be Held In Contempt of Court.* Pursuant to that motion, this Court issued an *Order to Show Cause* on May 23, 2003, therein directing the respondent to show cause in writing within twenty (20) days of service of the order why he should not be found in contempt of this Court. On June 20, 2003, this Court granted the respondent's request for an extension of time to respond to this Court's show cause order. On June 26, 2003, the parties notified this Court that they were negotiating an agreed resolution of the Commission's allegations of con-

tempt. The parties thereafter submitted their proposed agreed resolution to this Court for approval.

## II. Facts

The respondent was admitted to the bar of this state in 1998. The parties agree that for the year 2001–02, the respondent failed to pay his annual attorney registration and education fees, or to file an exemption affidavit. *See* Ind.Admission and Discipline Rule 23(21) (establishing $90 annual registration fee for attorneys); Admis.Disc.R. 29(7) (establishing $15 annual education fee for attorneys). This Court issued an order on April 15, 2002 suspending the respondent from the practice of law for his failure to pay the fees, effective 11:59 pm on May 12, 2002. *See* Admis.Disc.R. 23(21)(e) (providing that failure to pay the registration fee shall subject the attorney to an order of suspension from the practice of law in this state). The respondent does not dispute that he twice received notice that the fees were delinquent prior to the order of suspension.

At all times relevant to this proceeding, the respondent was employed by the Marion County Public Defender Agency as a conflict attorney in major felony court. In that position, the respondent represented more than 15 criminal defendants in Marion County courts after the effective date of his suspension and prior to his reinstatement to the bar on November 19, 2002. For example, in August 2002, the respondent appeared at a sentencing hearing in the Marion Superior Court on behalf of a criminal defendant.

On November 18, 2002, the Commission notified the respondent that it intended to file contempt charges against him for his practicing law while he was suspended. The next day, the respondent paid his delinquent registration and education fees and was reinstated to the bar.

■ An attorney who fails to pay a registration fee shall be subject to an order of suspension from the practice of law in this state and shall be subject to sanctions for contempt of this Court in the event he thereafter engages in the practice of law in this state. Admis.Disc.R. 23(21)(e). *See also Matter of Crumpacker,* 431 N.E.2d 91, 97 (Ind.1982); *Matter of Baars,* 683 N.E.2d 555 (Ind.1997) (willful and intentional disobedience of the orders of a court can constitute indirect criminal contempt). We find the respondent guilty of indirect criminal contempt of this Court by practicing law after being suspended from the bar for failure to pay his attorney registration and education fees.

## III. Sanction

■ This Court has inherent and statutory authority to punish contempt by fine and imprisonment. *Id.,* I.C. 33–2–1–4.

In aggravation of the respondent's misconduct, the respondent and the Commission agree that the respondent was also suspended from April 17 through May 7, 2001 for his failure timely to pay his annual registration and education fee for the year 2000–01.

In mitigation, the parties agree that the respondent has never been disciplined by this Court for a violation of the *Rules of Professional Conduct,* that he was cooperative with the Commission throughout these proceedings, and that he is a young lawyer who does not have the financial ability to pay a substantial fine. In light of these considerations, they agree that the appropriate sanction is a fine of $500. In addition, the respondent has offered to perform 30 hours of *pro bono* service through the Heartland Pro Bono Council within six months of entry of this order.

In prior proceedings, this Court has imposed much larger fines or even terms of incarceration where attorneys were found

to be in contempt for practicing law while suspended. *See, e.g., Matter of Baars,* 683 N.E.2d 555 (Ind.1997) (attorney found to be in contempt for practicing law after being suspended for attorney misconduct; ordered incarcerated for 30 days and fined $200); *Matter of Lowry,* 760 N.E.2d 170 (Ind.2001), (attorney fined $2,500 for continuing to practice law after suspension for noncompliance with continuing legal education requirements). In the absence of significant extenuating factors or other special circumstances, that level of discipline is generally appropriate where a suspended attorney practices law in defiance of an order of this Court. In this case, we are willing to accept the parties' tendered agreement in light of the recitation that the respondent is not able to pay a larger fine, the mitigating factors presented, and the fact that the respondent will provide *pro bono* service to needy clients to atone for his misconduct.

It is, therefore, ordered that the respondent, Travis Raymond Fox, is hereby ordered to pay to the Clerk of this Court, on or before November 14, 2003, $500 (five hundred dollars) for his contempt of this Court. The respondent is also directed to pay the costs of this proceeding.

All Justices concur.