## In the Matter of James E. BARCE, Respondent.

### No. 04S00–0904–DI–139.

Supreme Court of Indiana.

Sept. 30, 2010.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Thomas H. Busch, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Respondent began serving as the part-time prosecuting attorney for Newton County in 1995. In 2005, Respondent elected to become a full-time prosecutor, which required that he close his private

law practice. On August 5, 2005, Respondent signed an affidavit of inactivity, which placed his law license on inactive status. In the affidavit, Respondent stated under the penalties of perjury that he was not engaged in the practice of law in Indiana. Respondent signed substantially similar affidavits in 2006, 2007 and 2008. While claiming inactive status, Respondent paid a reduced annual registration fee.

In February 2009, defense counsel in a case Respondent was prosecuting pointed out that his law license was inactive. Promptly thereafter, Respondent arranged to place his license on active status, self-reported the violation to the Commission, and offered to pay the difference between the reduced fees he paid and the active status fees for the years he was on inactive status.

The hearing officer found no aggravating facts. The hearing officer found the following mitigating facts: (1) Respondent's misconduct was negligent rather than willful; (2) Respondent has no prior disciplinary record; (3) he had no dishonest or selfish motive; (4) he was cooperative with the Commission, (5) he has shown remorse for his misconduct; (6) his misconduct caused little actual injury; (7) he has a good reputation among lawyers, colleagues, and fellow prosecuting attorneys. The hearing officer noted that Respondent remained current with his continuing legal education requirements during the time his license was inactive.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

5.5(a): Engaging in the unauthorized practice of law.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** Respondent's noncompliance with the ethical obligation to have an active law license occurred while he was a public servant charged with enforcement of the law. The hearing office, however, found substantial mitigating circumstances, which are not challenged, and recommended that Respondent receive **a public reprimand.** Under these circumstances, the Court imposes a public reprimand for Respondent's professional misconduct.

The costs of this proceeding are assessed against Respondent. Those costs shall include the difference between the reduced fees Respondent paid and the active status fees for the years he was on inactive status. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

DICKSON, SULLIVAN, and BOEHM, JJ., concur.

SHEPARD, C.J., dissents as to the discipline with separate opinion, in which RUCKER, J., joins.

Courts at all levels set the standard and a tone for the legal profession in the course of signaling what they consider important and what they consider trivial. The highest court of a state plays a special role in setting the bar on ethics and professionalism, acting as it does in the full view of the public.

Respondent Barce signed an affidavit under oath declaring that he was not en-

gaged in the practice of law, and tendered it to the Clerk of this Court. The result was that he exempted himself from paying the regular annual registration fees and registering for the regular continuing legal education that Indiana's 17,400 lawyers and judges do each year. The Clerk therefore sent him a card, as the Clerk does to us all, but the card sent to Barce told Barce rather directly that he was an Indiana attorney with an Indiana license, "but may not use that license as the basis for engaging in the practice of law."

Barce nevertheless regularly practiced law. He carried this card in his pocket (according to the evidence) and prosecuted thousands of citizens for the customary list of criminal and civil violations. He did that over a period of four years until he was exposed in the minutes just before a jury trial was to commence. As our Disciplinary Commission argues, if a defendant had argued he was not guilty of speeding because he had not bothered to read the speed limit posted on the sign, it is doubtful the Respondent would have found that to be a persuasive argument.

The Disciplinary Commission of this Court, probably mindful that lawyers and judges will notice the sanction we give, has asked us to suspend Mr. Barce for this serial violation of his duties as an attorney.

We have in the past treated gross neglect of precisely the same sort demonstrated by Mr. Barce as warranting a substantial suspension. *Matter of Baars*, 542 N.E.2d 558 (Ind.1989) (lawyer who practiced law for seven years while swearing he was not, suspended for 24 months). That seems pretty stiff in retrospect, but giving this Respondent a mere reprimand tells everyone the Supreme Court thinks this behavior is a pretty minor matter.

The Commission obviously thinks practicing law without a license is important, and so do I. The Court should suspend Barce for thirty days, and his reinstatement should be conditioned on his paying both the back registration fees and reimbursing the costs of convening the jury that had to be sent home when his violation was brought to light.

RUCKER, J., joins.