**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**





APPELLANT PRO SE:

**JAMES DAHER, JR.**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana


---

# IN THE
# COURT OF APPEALS OF INDIANA

---

JAMES DAHER, JR.,

Appellant-Defendant,

vs.

STATE OF INDIANA,

Appellee-Plaintiff.

No. 56A03-1201-CR-32

---

APPEAL FROM THE NEWTON SUPERIOR COURT
The Honorable Daniel Molter, Judge
Cause No. 56D01-0901-FB-2

---

**July 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

James Daher, Jr., appeals the trial court's denial of his verified motion for relief from judgment. We affirm.

## Issue

Daher raises one issue on appeal, which we restate as whether the trial court properly denied his verified motion for relief from judgment.

## Facts

On May 17, 2010, Daher was convicted in Newton County of conspiracy to commit escape with a deadly weapon as a Class B felony. He was sentenced to twenty years. He appealed his conviction, and it was affirmed by this court. Daher v. State, 941 N.E.2d 571 (Ind. Ct. App. 2011).

On January 4, 2012, Daher filed a verified motion for relief from judgment, which challenged the jurisdiction of the State and Newton County to charge, arrest, try, convict, and sentence him. The foundation of Daher's argument was derived from a published order finding attorney misconduct and imposing discipline on James E. Barce, the prosecuting attorney in Daher's underlying case. In the Matter of James E. Barce, 934 N.E.2d 732 (Ind. 2010).

Barce became the full-time prosecuting attorney in Newton County in 2005. On August 5, 2005, Barce signed an affidavit of inactivity, which placed his law license on inactive status. In the affidavit, Barce stated under the penalties of perjury that he was not engaged in the practice of law in Indiana. Barce signed a similar affidavit in 2006,

2007, and 2008. Barce's inactive status allowed him to pay a reduced annual registration fee.

In February 2009, it came to light that Barce was practicing without an active law license. Barce then immediately reactivated his license and self-reported to the disciplinary commission. The hearing officer found no aggravating circumstances, and Barce was found to have engaged in the unauthorized practice of law and conduct prejudicial to the administration of justice. Barce was publicly reprimanded for his misrepresentations.

Daher's motion alleged that, because Barce filed no legal appearance, the probable cause affidavit, warrants, charges, trial, verdict, and judgment were all legally null and void and that by extension the State had no legal right as a matter of law to prosecute and imprison him. The trial court denied Daher's motion on January 5, 2012. Daher now appeals.

**Analysis**

Daher argues that the trial court erred in denying his motion for relief from judgment. Daher claims that the State had no legal right to prosecute him because the State's representative, Barce, did not have an active license to practice law. This is an incorrect interpretation of the law.[1]

[1] The State makes no argument that Daher was required to file a post-conviction relief petition, as opposed to a motion for relief from judgment.

In reference to his motion for relief from judgment, Daher contends that the State waived any argument for appellate review because it failed to answer, contradict, deny, or refute Daher's claims in the trial court. This argument is unfounded. Daher filed his motion with the trial court on January 4, 2012. The motion was denied by the trial court on January 5, 2012. The State had no opportunity to respond to Daher's arguments in the trial court. One day is surely insufficient time for the State to become aware of the filing of the motion and then to make an argument against the motion in the trial court. The State did not waive any of its arguments as appellee by not making such arguments in the trial court.

The lack of authority of an unlicensed de facto prosecutor must result in harm to the defendant to constitute reversible error. Anderson v. State, 699 N.E.2d 257, 260 (Ind. 1998) (citing Cox v. State, 493 N.E.2d 151, 160 (Ind. 1986)). Daher cites no distinguishing circumstances in the instant appeal, so we apply the Anderson holding and find Barce to be a de facto prosecutor. Daher frames his arguments as strictly jurisdictional, but in fact they are all based on Barce's inactive law license. Daher cites no evidence that would suggest that Barce's inactive license prejudiced Daher in any way. It is insufficient to prove only that Barce's license was inactive. See Anderson, 699 N.E.2d at 260. Some harm must accompany this proof, and no harm has been alleged or substantiated by Daher. We also note that in our Supreme Court's order disciplining Barce it gave no indication that his misconduct affected the validity of the cases he tried.

## Conclusion

The trial court correctly denied Daher's motion, and we find that Barce's actions as an unlicensed de facto prosecutor did not harm or prejudice Daher in any manner. We affirm.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.