**In the Matter of David F. TUDOR.**

**No. 29S00–9901–DI–2.**

Supreme Court of Indiana.

Dec. 12, 2001.

## *ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Amended Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** In Count I, the respondent neglected an unsupervised estate, then failed to respond to the Commission's demand for a response to the grievance the neglect prompted.

In Count II, the respondent failed adequately to communicate with a client who hired him to pursue a claim on her behalf. The respondent then failed to comply with the client's request to return her case file materials to which she was entitled. The client's claim was eventually time-barred. The respondent later failed to respond to the Commission's demands for a response to the grievance the client filed against the respondent.

In Count III, the respondent failed, within applicable time limits, to respond to the Commission's demands for a response to another grievance filed against him.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. He violated Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of their legal matters and promptly to respond to reasonable requests for information, and Prof.Cond.R 1.4(b), which provides that lawyers must explain matters to client to the extent reasonably necessary to permit them to make informed decisions regarding the representation. He violated Prof. Cond.R. 1.16(d), which requires a lawyer, upon termination of representation, to surrender to a client papers and property to which the client is entitled. He violated Prof.Cond.R. 8.1(b) knowingly failing to respond to a lawful demand for information made by the Disciplinary Commission.

For this misconduct, we find that the respondent should be suspended from the practice of law for a period of sixty (60) days, beginning January 14, 2002, for his misconduct. At the conclusion of that period, he shall be automatically reinstated to the practice of law in this state. Costs of this proceeding are assessed against the respondent.

All Justices concur.