**In the Matter of Timothy V. CLARK.**

No. 49S00–0008–DI–462.

Supreme Court of Indiana.

Nov. 14, 2002.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** Under Count 1, the Commission issued a subpoena duces tecum to the re-

spondent as part of its investigation of a grievance filed by respondent's client. The respondent did not respond to the subpoena.

In Count 2, a client retained the respondent to represent her and her ward for claims arising out of an automobile accident. Both cases were ultimately settled and the proceeds deposited into the respondent's trust account. The respondent failed to maintain in his trust account an amount sufficient to discharge obligations owed to third party medical creditors and failed promptly to pay the third party claims. Additionally, from one of the settlements the respondent kept $5,434 in undisclosed additional attorney fees beyond that specified in his fee agreement. Finally, the respondent also failed to reply to the Commission request for a response to the client's grievance.

In Count 3, a client hired the respondent to pursue employment discrimination claims. The Justice Department issued decisions finding that the record failed to sustain the client's claims and advising of the right to appeal the decisions or to file a civil suit. The client instructed the respondent to file suit, but the respondent never did. Thereafter, the client hired another attorney who filed suit and requested the client's files from the respondent. The respondent did not provide the client's files to the new attorney. The respondent again failed to respond to a request from the Commission for a reply to the client's grievance.

In Count 4, a client hired the respondent to represent her in a personal injury claim. Communication between the respondent and the client broke down due to several moves by the client. The client filed a grievance with the Commission. The Commission requested a reply from the respondent, but the respondent did not respond.

**Violations:** The respondent violated Ind. Professional Conduct Rule 8.1(b), which prohibits an attorney from knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority. The respondent also violated Prof.Cond.R. 1.3, which mandates that an attorney shall act with reasonable diligence and promptness in representing a client; Prof.Cond.R. 1.5(a), which requires that an attorney's fee shall be reasonable; Prof.Cond.R. 1.5(c), which mandates that an attorney provide a written contingency fee agreement that includes the method by with the fee is to be determined, and upon conclusion of the matter requires the attorney to produce a settlement statement showing the remittance to the client and the method of its determination; Prof.Cond.R. 1.7(b), which prohibits an attorney from representing a client if the representation may be materially limited by the attorney's own interest; Prof. Cond.R. 1.15(b), which requires an attorney, upon receiving funds in which the client or third person has an interest, to promptly notify the client or third person and to promptly deliver the funds or property the client or third person is entitled to receive; Prof.Cond.R. 8.4(b), which prohibits an attorney from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects; Prof.Cond.R. 8.4(c), which proscribes engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and, Prof.Cond.R. 1.16(d), which provides that upon termination of representation an attorney shall surrender a client's file.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of six (6) months, effective December 31, 2002, with automatic reinstatement thereafter, provided, however,

that the respondent shall demonstrate to the satisfaction of the Commission before the date of automatic reinstatement that the respondent has made restitution to the client of undisclosed additional attorney fees in Count 2. Costs of this proceeding are assessed against the respondent.

The clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. Raymond S. Robak, and to all other entities as provided in Admis.Disc. R. 23(3)(d).

SHEPARD, CJ., and SULLIVAN, BOEHM, and RUCKER JJ., concur.

DICKSON J., dissents, believing the sanction to be too lenient.