In the Matter of Timothy V. CLARK.

No. 49S00–0008–DI–462.

Supreme Court of Indiana.

July 31, 2003.

## ORDER ON DISCIPLINARY COMMISSION'S OBJECTIONS TO AUTOMATIC REINSTATEMENT

Effective December 31, 2002, the respondent was suspended from the practice of law in this state for 6 months, with automatic reinstatement. *Matter of Clark,* 778 N.E.2d 1246 (Ind.2002). On June 23, 2003, pursuant to Ind. Admission and Discipline Rule 23(4)(c) the Disciplinary Commission filed objections to the respondent's automatic reinstatement. By order issued June 30, 2003, this Court sustained the Commission's objections to the respondent's automatic reinstatement pending evidentiary hearing and final resolution on the merits of the Commission's objections.

Specifically, the Commission alleges that the respondent (1) failed to notify at least one of his clients of his impending suspension, as required by Admis. Disc. R.

23(26)(c); (2) that he continued to practice law after the date of his suspension; and (3) that he maintained a presence in an office in which law is practiced after the date of his suspension, in violation of Admis. Disc. R. 23(26)(b). The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. *Matter of Christoff and Holmes*, 690 N.E.2d 1135 (Ind.1997).

After conducting an evidentiary hearing, we find that the Commission has established some violations of Admis. Disc. R. 23(26), but that the extension of the respondent's suspension imposed by our order sustaining the Commission's objections pending final resolution today is a sufficient sanction for those violations which largely result from oversight and poor communication. All of the costs and restitution associated with the respondent's prior disciplinary action have been satisfied. Accordingly, the stay of respondent's automatic reinstatement is hereby lifted, and respondent is eligible for reinstatement subject to fulfillment of remaining conditions, if any. The details of our decision today are set forth as follows.

### A. Failure to notify clients and to file affidavit.

Admission and Discipline Rule 23(26)(c) provides, in relevant part, that a suspended attorney shall, within 20 days from the date of notice of the suspension, file with the Court an affidavit showing that:

1. all clients being represented by the attorney in pending matters have been notified by certified mail, return receipt requested, of the nature and duration of the suspension, and all pending matters of the clients requiring the attorney's services during the period of suspension have been placed in the hands and care of an attorney admitted to practice before this Court with the consent of the client; and

2. clients not consenting to be represented by substitute counsel have been advised to seek the services of counsel of their own choice.

This Court issued its order on November 14, 2002, suspending the respondent for 6 months, effective December 31, 2003. *Clark, supra.* Notice of that order was issued to the respondent on November 27, 2002. At the time of the order, the respondent had between four and six active client cases. Prior to the effective date of his suspension and after notification of his suspension, the respondent arranged with an attorney in the same office for the transfer of respondent's pending cases to that attorney during the period of suspension. The respondent and the attorney agreed that the attorney would receive all telephone calls and review all mail intended for the respondent during his suspension. Staff of the office were instructed to route calls and mail accordingly.

The respondent and the attorney testified that in December 2002 they caused notice of his suspension to be mailed to each client by certified mail. Admis. Disc. R. 23(26)(c)requires that a suspended attorney file an affidavit of notice to clients within twenty days of receiving notice of the order of suspension. The respondent did not file the required affidavit until July 18, 2003 after receiving the Commission's objections to his automatic reinstatement. The Commission's principal witness was a client of respondents who testified that the respondent did not formally advise her of his suspension, and she received nothing by mail. The July 18 affidavit attached a copy of a letter dated December 23, 2002 to the complaining client. The letter was apparently sent to the client by certified mail, but at an outdated address, and no receipt was returned. Certified mail re-

ceipts for notices to four other clients, also dated December 23, 2002, were received and attached to the affidavit. The respondent also advised three of the clients personally of the impending suspension.

On December 30, 2002, respondent filed a notice of substitution of counsel with the court in each active matter. However, consent of the principal witness to the substitution of counsel was not obtained.

■ These facts establish several violations of Admis. Disc. R. 23(26)(c). Respondent failed to give notice within twenty days of notice of the order of suspension. He failed to timely file the affidavit required by the rule. He did not in all cases timely obtain the consent of his clients for substitute counsel. Finally, he failed to ensure that each client was timely notified by certified mail. We find, however, that the respondent did make a good faith, albeit inadequate, attempt to comply with Admis. Disc. R. 23(26)(c). The lack of consent in one case was not the result of intentional wrongdoing. It appears to be due to poor communication by both respondent and the substituted attorney. Indeed, most if not all of the violations giving rise to this proceeding appear to be caused by inattention to detail and more importantly a failure to communicate clearly and properly with every client.

*B. Practicing law while suspended and maintaining a presence in an office where the practice of law is conducted.*

Indiana Admission and Discipline Rule 23(26)(b) provides that, upon receiving notice of an order of suspension, an attorney: shall neither "undertake any new legal matters between service of the order and the effective date of the suspension," nor "maintain a presence or occupy an office where the practice of law is conducted."

The Commission's principal witness testified that she met the respondent in December 2002 in the lobby of the building in which she worked and respondent maintained his office. She testified that she advised the respondent that she was moving to a new residential address, and that the respondent wrote down her new address. She testified that the respondent did not advise her at that time of his impending suspension. She stated that in March 2003, she went to the respondent's office and met with the respondent there. She testified that in that meeting respondent told her that he was waiting to hear from the adverse party's attorney in her case. She also testified that the respondent telephoned her about a week later and left a message that her case was ripe for settlement and asked her to call him back. She returned his call the next day at his office and the respondent advised her that he had talked to the attorney for the adverse party and that the case was likely to settle within a week. She testified that that was the last direct contact she had with the respondent and that she first learned of his suspension in May 2003 when she contacted the Disciplinary Commission to complain of respondent's inattention to her matter.

The same encounter is described quite differently by respondent and the attorney substituting for respondent. The respondent testified that he visited his law office periodically during his suspension to retrieve his personal mail or to visit with other attorneys. In addition, he visited the building in which his law office is located on several occasions to meet with his attorney and to speak with a former law partner and friend about personal legal and family issues. Several witnesses corroborated the respondent's testimony that he visited the office periodically, but all confirmed that he was not routinely in the office and was not engaged in the practice of law during 2003.

The respondent testified that on one of these occasions he was in his office when the complaining client dropped in unannounced. The attorney to whom the respondent's pending cases were transferred during the suspension was not in. According to respondent he told the client he would have the substituting attorney contact her. The other attorney testified that the client's case in March 2003 was not in a procedural posture where settlement was possible, given that insurance coverage issues were unresolved and subject to continuing discovery. The attorney testified that the respondent asked him to contact the client in March about her pending legal matter. The attorney testified that he, not respondent, called the client and left a message for her to return his call, but stated that she did not respond and he never heard from her.

[2]   We find that the Commission failed to establish by clear and convincing evidence that the respondent maintained a presence or occupied an office where the practice of law is conducted so as to violate Admis. Disc. R. 23(26)(c), or that he practiced law while suspended. We do not find that the respondent's periodic visits to his office to retrieve mail or visit with colleagues constitutes the "maintenance" of a presence in a law office. Further, the Commission failed to establish that the respondent practiced law while suspended. While the practice of law encompasses "act[ing] for, and by the warrant of, others in legal formalities, negotiations, and proceedings," [1] we find an insufficient demonstration here that the respondent so acted on behalf of the testifying client while he was suspended.

### C. Sanction

■   The respondent failed to comply with the provisions of Admis. Disc. R.

23(26)(c) as to each client. Specifically, the respondent did not demonstrate that each of his clients had been timely notified of his suspension by certified mail. He did not obtain each client's consent to substitute counsel, and he failed to file the required affidavit within 20 days of notification of his suspension.

Due to the pendency of these proceedings on the Commissions objections, the respondent's suspension has already been extended for one month. We find that this additional period of suspension is adequate to address these failures to comply with all of the requirements of Admis. Disc. R. 23(26)(c). *See Matter of Thonert*, 693 N.E.2d 559 (Ind.1998) (additional suspension of about 37 days sufficient sanction where attorney did not intend to circumvent order of suspension by permitting staff to carry on certain legal functions during his period of suspension). Accordingly, the respondent is hereby automatically reinstated to the practice of law in this state, effective immediately.

---

1.   *Matter of Thonert*, 693 N.E.2d 559, 563 (Ind.     1998) (other citations omitted).