## In the Matter of David F. TUDOR.

### No. 29S00–0301–DI–21.

Supreme Court of Indiana.

Dec. 15, 2003.

ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND *CON-DITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** After obtaining a divorce decree on behalf of a client on January 18, 2001, the respondent failed to file a proposed Qualified Domestic Relations Order ("QDRO") as directed by the Court until November 6, 2001. During the interim, the client frequently requested that the respondent file the proposed QDRO. The respondent's delay in filing the document cost the client an additional $3,500 in taxes for the 2001 tax year.

The Court notes that the respondent reimbursed the client $3,500 in additional

taxes. We also note that we recently suspended the respondent in a case involving multiple counts of misconduct similar to that found in the present case. *Matter of Tudor,* 760 N.E.2d 154 (Ind.2001)(60 day suspension for two counts of client neglect and one count of failure to respond to the Commission's demand for response to a grievance filed against the respondent).

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.3, which requires lawyers, while representing clients, to act with reasonable diligence and promptness.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer in this matter, the Hon. Kenneth H. Johnson, and to all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.