ATTORNEY FOR THE RESPONDENT
Gregory H. Coleman

ATTORNEY FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Dennis K. McKinney, Staff Attorney
Indianapolis, Indiana

# In the

# Indiana Supreme Court

_____

No. 49S00-0309-DI-422

IN THE MATTER OF

**TIMOTHY V. CLARK**                                    *Respondent.*

_____

Disciplinary Action

_____

**September 16, 2005**

*Per Curiam,*

Today, we find that respondent's repeated failures, in two separate cases, to respond in a timely manner to lawful demands for information from the Indiana Supreme Court Disciplinary Commission violated Ind. Professional Conduct Rule 8.1(b) and warrant respondent's suspension from the practice of law for ninety (90) days.

These proceedings commenced with the Commission's filing of a two count verified complaint against respondent on September 23, 2003. Pursuant to Ind. Admission and Discipline Rule 23, Section 11(b), we appointed a hearing officer to hear this matter on October 31, 2003, and he heard the case on April 29, 2004. The hearing officer filed his *Findings of Fact, Conclusions of Law and Recommendation of Sanction*, on May 31, 2005. The Commission filed its *Brief*

*on Sanction*, June 27, 2005. The time for respondent to reply has expired and this matter is now before us for final determination. Respondent's admission to the practice of law in this state in 1982 confers this Court with jurisdiction in this matter.

When, as here, the hearing officer's disciplinary findings are unchallenged, it has been the practice of this Court to accept and approve the findings subject to our final determination as to misconduct and sanction. In re Williams, 764 N.E.2d 613, 614 (Ind.2002); In re Puterbaugh, 716 N.E.2d 1287, 1288 (Ind.1999); Matter of Grimm, 674 N.E.2d 551, 552 (Ind.1996). The complaint filed by the Commission alleged that respondent violated Prof.Cond.R. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation. The hearing officer found that the Commission failed to establish a violation of this provision by clear and convincing evidence. The Commission has not challenged this finding and we therefore adopt the hearing officer's finding in this regard. The complaint also charged that respondent, in two separate cases, violated Prof.Cond.R. 8.1(b), which requires a lawyer to respond timely to lawful demands for information made by the Commission. The hearing officer found that the Commission established these two violations and we accept the hearing officer's unchallenged findings in this regard.

We find the following facts relevant to our decision concerning the discipline to impose in this case: On July 23, 2001, the Commission received a "Request for Investigation" alleging professional misconduct by respondent. The Executive Secretary of the Commission issued a letter on July 31, 2001, to respondent's business address notifying him of the filing of the grievance and demanding a written response within twenty days of receipt of the letter. When respondent failed to respond, the Executive Secretary issued a second letter, on September 21, 2001, to respondent's home and business addresses, again demanding a written response within twenty days of receipt of the letter. These letters were delivered on September 22 and 24, 2001, respectively. Again, respondent failed to respond, so on December 7, 2001, the Executive Secretary filed a *Verified Petition to Show Cause Why Respondent Should Not Be Suspended For Failure to Cooperate with the Disciplinary Process*. Matter of Clark, 49S00-0112-DI-623. This Court issued the Order to Show Cause on December 19, 2001, giving respondent ten days after service to explain why we should not suspend him for failing to cooperate. Between the filing of the Verified Petition and the issuance of the Order, respondent, on December 11, 2001, finally filed a response and we dismissed the Order to Show Cause as moot on January 7, 2002.

A similar set of circumstances makes up the basis for the second count in the Commission's complaint. On April 8, 2002, the Commission received another "Request for Investigation" alleging professional misconduct by respondent. On April 11, 2002, the Executive Secretary issued a letter to respondent's business address informing him of the grievance and demanding a written response within twenty days of receipt of the letter. On April 30, 2002, respondent requested an extension of time to reply and the Commission agreed to extend the deadline for a response to May 31, 2002. On May 30, respondent requested a second extension, which the Commission granted until July 1, 2002. On July 1, respondent requested a third extension, which the Commission granted until July 22. Receiving no response on July 22, the Executive Secretary issued a second letter, on July 31, 2002, demanding a written response within twenty days of receipt of the letter. Hearing nothing from respondent, on August 22, the Executive Secretary issued a third letter to respondent demanding a written response to the grievance within twenty days of receipt of the letter. This letter was delivered to respondent's business and home addresses on August 23 and 31, 2002, respectively. When respondent again failed to respond, the Commission on October 28, 2002, filed its *Verified Petition to Show Cause Why Respondent Should Not Be Suspended For Failure to Cooperate with the Disciplinary Process*. Matter of Clark, 49S00-0210-DI-531. On October 30, 2002, this Court issued an Order to Show Cause, giving respondent ten days after service of the Order to explain why we should not suspend him for failing to cooperate. On November 18, 2002, respondent finally filed a response to the grievance, and we dismissed the Order to Show Cause as moot on December 30, 2002.

The conduct set forth above clearly establishes violations of Prof.Cond.R. 8.1(b), which provides that a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority. Here, respondent chose to repeatedly ignore the Commission's requests for information regarding grievances pending against him. Respondent has demonstrated an unwillingness to comply with even this basic professional obligation. The Commission went out of its way to give respondent the opportunity to comply with its requests before seeking action from this Court. Despite the Commission's generous grant of extensions and follow up letters, which is was not required to send, respondent still did not provide timely responses to the Commission.

Having found misconduct, we must assess the appropriate discipline. In so doing, we examine the nature of the misconduct, the actual or potential injury flowing from the misconduct, the respondent's state of mind, the duty of this Court to preserve the integrity of the profession,

the potential injury to the public in permitting the respondent to continue in the profession, and any mitigating or aggravating circumstances. Matter of Drozda, 653 N.E.2d 991(Ind.1995). A public reprimand may be an appropriate sanction for failure to respond to the Commission's request for information. *See, e.g.,* Matter of Layson, 798 N.E.2d 1289 (Ind. 2003). Layson received a public reprimand for failing to respond to three attempts by the Commission to obtain information and also failing to respond to this Court's order to show cause. Failing to cooperate, coupled with other misconduct, may result in the imposition of a suspension. For example, neglecting an unsupervised estate, failing to communicate with the client or return files, as well as failing to answer Commission demands for information in three separate cases, led us to impose a sixty-day suspension on the offending lawyer. Matter of Tudor, 760 N.E.2d 154 (Ind. 2001).

In the present case, in addition to the circumstances described above, there are further aggravating circumstances that justify a suspension. Respondent has previously been suspended by this Court for six months for failing to maintain adequate funds in his trust account to discharge obligations owed, collecting an undisclosed additional fee, neglecting clients' cases and, not surprisingly, failing to cooperate with Commission investigations into his alleged misconduct. Matter of Clark, 778 N.E.2d 1246 (Ind. 2002). Respondent's automatic reinstatement from his six month suspension was delayed by thirty days as a result of respondent's failure to timely notify his clients of his suspension, to obtain each clients' consent to substitute counsel, and his failure to file the affidavit required by Ind. Admission and Discipline Rule 23, Section 26(c). Matter of Clark, 792 N.E.2d 544 (Ind. 2003).

Respondent has also been suspended twice for failure to meet his Continuing Legal Education requirements. In this regard, we are particularly disturbed to learn from the hearing officer's findings that while respondent was suspended from May 21, 2001 through July 7, 2003, for noncompliance with CLE requirements, he continued to practice law. With this history of disdain for the authority of the Commission and, by extension, the authority of this Court, we advise respondent that he should be aware that future misconduct may warrant a sanction up to and including disbarment. We also feel obliged to remind the bar in general that failure to cooperate with Commission requests for information may result not only in an order to show cause, but also a suspension from the practice of law. Ignoring the Commission's efforts to assist this Court in carrying out its duty to protect the public and uphold the integrity of the profession will not be tolerated.

Given respondent's repeated failure to respond in a timely manner to the Commission's numerous requests for information and the disciplinary history cited above, the respondent, Timothy V. Clark, is suspended from the practice of law for ninety (90) days, effective November 14, 2005, with automatic reinstatement thereafter.

Costs of these proceedings are assessed against the respondent.