**In the Matter of Timothy V. CLARK, Respondent.**

No. 49S00–1304–DI–272.

Supreme Court of Indiana.

Sept. 6, 2013.

*PUBLISHED ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING*

A "Verified Complaint for Disciplinary Action" against Respondent was filed on April 23, 2013. Respondent has now tendered to this Court an affidavit of resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17), which requires an acknowledgement that the material facts alleged are true and that Respondent could not successfully defend himself if prosecuted.

IT IS THEREFORE ORDERED that the resignation from the bar of this

State tendered by Respondent is accepted effective October 1, 2013. The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall not undertake any new legal matters between service of this order and the effective date of the resignation, and Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26)(d).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation. Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a).

Respondent has an extensive history of discipline, which includes a warning that any future misconduct could lead to a sanction up to and including disbarment. *See Matter of Clark,* 834 N.E.2d 653, 656 (Ind. 2005) The misconduct charged in the verified complaint, considered in light of Respondent's extensive disciplinary history, would likely have resulted in permanent disbarment had Respondent not chosen voluntary resignation from the bar. If Respondent seeks reinstatement, the misconduct admitted in Respondent's affidavit of resignation, as well as any other allegations of misconduct, will be addressed in the reinstatement process. Approval of a petition for reinstatement is discretionary and may be granted only if Respondent could meet the most stringent burden of proving by clear and convincing evidence all the requirements of Admission and Discipline Rule 23(4)(b), including without limitation that he can safely be recommended to the legal profession, the courts and the public as a person fit to represent them and otherwise act in matters of trust and confidence; and that he is genuinely remorseful for his misconduct. Acceptance of Respondent's resignation of from bar

serves only to remove him from the practice of law and does not relieve him from any liability he might have for his misconduct under civil or criminal law.

The costs of this proceeding are assessed against Respondent. With the acceptance of this resignation, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.